# KAREN TRACY v. ALLSTATE INSURANCE COMPANY*
## (AC 21535)

Lavery, C. J., and Schaller and Flynn, Js.[1]

Argued December 2, 2002—officially released April 22, 2003

---

* This opinion supersedes in part the opinion of this court in *Tracy* v. *Allstate Ins. Co.*, 70 Conn. App. 726, 799 A.2d 1109 (2002), which was published on July 2, 2002. This opinion supersedes the prior opinion only as to whether the tolling provisions of General Statutes § 38a-336 (g) (1) apply to the insurance policy at issue.

[1] Chief Judge William J. Lavery, and Associate Judges Barry R. Schaller and Joseph P. Flynn heard this case initially on March 21, 2002.

*Guy L. DePaul,* for the appellant (plaintiff).

*J. Kevin Golger,* for the appellee (defendant).

*Michael C. Jainchill,* with whom, on the brief, were *Kathryn A. Calibey, Douglas W. Hammond* and *Joram Hirsch,* for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

SCHALLER, J. The plaintiff, Karen Tracy, filed a motion requesting that we reconsider our decision in *Tracy* v. *Allstate Ins. Co.,* 70 Conn. App. 726, 799 A.2d 1109 (2002), rendered on July 2, 2002, affirming the judgment of the trial court. We granted the plaintiff's motion and ordered reargument by the parties. Although we now modify our analysis of the tolling provision of General Statutes § 38a-336 (g) (1),[2] we conclude, as before, that the plaintiff's action was time barred and, accordingly, affirm the judgment of the trial court.

As we stated in *Tracy* v. *Allstate Ins. Co.,* supra, 70 Conn. App. 727: "On February 20, 1996, the plaintiff, while driving her own vehicle, was injured in a motor vehicle accident caused by the negligence of another driver (tortfeasor). At the time of the accident, she was

---

[2] General Statutes § 38a-336 (g) (1) provides: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

insured under an automobile insurance policy issued by the defendant. The plaintiff brought an action against the tortfeasor and, on August 24, 1999, settled that action for $20,000, thereby exhausting the liability limits of the tortfeasor's insurance policy. On July 2, 1999, the plaintiff gave written notice to the defendant that she intended to pursue an underinsured motorist claim on the policy. On February 29, 2000, the plaintiff commenced an action against the defendant, seeking benefits for damages in excess of the tortfeasor's policy limits pursuant to the underinsured motorist provisions of her policy. The defendant filed an answer and special defenses in which it asserted, inter alia, that the plaintiff's cause of action was barred by the three year limitation period contained in the policy that it had issued to her. On July 24, 2000, the defendant filed a motion for summary judgment. The court granted the motion and rendered judgment in the defendant's favor . . . ."

The plaintiff appealed from the summary judgment rendered when the court determined that her action was barred by the contractual limitation provision authorized by § 38a-336 (g) (1) and included in her automobile insurance policy with the defendant. Id., 727–28. We affirmed the judgment of the trial court and concluded: "Because it is undisputed that the plaintiff failed to file her underinsured motorist action against the defendant within three years from the date of the accident, as she was required to do, and because the tolling provisions of § 38a-336 (g) (1) do not apply to the defendant's policy with her, we conclude that the plaintiff's action is barred. We further conclude that the court's decision to grant the defendant's motion for summary judgment was legally and logically correct and supported by the facts set out in the memorandum of decision." Id., 735.

Thereafter, the plaintiff filed a motion for reconsideration of her claim, stating that General Statutes § 52-

576,[3] not § 38a-336 (b)[4] and (g) (1), should apply to her policy because the policy's language was ambiguous and, due to its ambiguity, the six year limitation statute should have been applied. Moreover, the plaintiff asserts that she should not be penalized, considering that she diligently pursued the claim. We granted the motion to reconsider. On July 17, 2002, an application for permission to appear and to submit a brief as amicus curiae was filed by the Connecticut Trial Lawyers Association (association), and was granted on September 11, 2002. On September 27, 2002, the association filed a motion of amicus curiae for permission to argue before our court. On October 22, 2002, we granted the motion of the association for permission to argue.

The plaintiff fails to present us with any persuasive reason why we should modify our prior determination that § 38a-336 (b) and (g) (1), and not § 52-576, apply to this matter. We will not, therefore, revisit that issue. The association, however, takes issue with our conclusion based on *Coelho* v. *ITT Hartford*, 251 Conn. 106, 752 A.2d 1063 (1999), that the tolling provision of § 38a-336 (g) (1) does not apply to insurance policies that have contractual limitation periods of three years or greater. It argues that our determination would operate to deprive an insured of the tolling provision set forth

---

[3] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[4] General Statutes § 38-336 (b) provides in relevant part: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. . . ."

in § 38a-336 (g) (1), contrary to the legislative intent and history of the statute.[5]

In our previous decision, relying on *Coelho*, we held that the insurance policy provisions regarding exhaustion of the tortfeasor's liability coverage and consent to settle did not prevent the plaintiff from filing an action within three years of the date of the accident and, moreover, that the policy provisions were not inconsistent with the limitation provisions found in §§ 38a-336 (g) (1) and 52-576. *Tracy* v. *Allstate Ins. Co.*, supra, 70 Conn. App. 732–33. We also held, again relying on the dicta in *Coelho*, that the tolling provision of § 38a-336 (g) (1), was inapplicable to the plaintiff's policy because the provision applies only to limitation periods of less than three years, and the plaintiff's policy had a limitation period of three years. Id., 733. After carefully reviewing the record, the briefs, the *Coelho* opinion, other case law and the legislative history concerning the statute's language and purpose,[6] we are persuaded

[5] In our initial opinion, we relied on *Coelho* in resolving the plaintiff's first two assertions of alleged ambiguity in the policy concerning exhaustion of the liability limits and consent to settle. See *Tracy* v. *Allstate Ins. Co.*, supra, 70 Conn. App. 730 n.2; see also *Coelho* v. *ITT Hartford*, supra, 251 Conn. 115. In *Coelho*, our Supreme Court was asked to interpret an insurance policy, under General Statutes § 52-576, that required a claim for underinsured benefits to be initiated within six years of the date of the accident. *Coelho* v. *ITT Hartford*, supra, 108. To decipher when benefits accrue, the court read § 52-576 in conjunction with other pertinent legislation, primarily General Statutes § 38a-336 (b). *Coelho* v. *ITT Hartford*, supra, 111–12. The court looked to § 38a-336 (b) to determine when a claim for underinsured motorist benefits could successfully be maintained and found that benefits would be paid only after the liability limits of the tortfeasor's policy had been exhausted. Id. We see no reason to reevaluate our reliance on *Coelho* with respect to the plaintiff's first two claims because the *Coelho* court's analysis of § 38a-336 (b) was germane to its interpretation and application of § 52-576 in the case before it.

[6] Our Supreme Court recently made explicit our approach to the process of statutory interpretation in *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003) (en banc). The court held: "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the

that our initial interpretation of the tolling provision must be modified.

"Statutory construction is a question of law and therefore our review is plenary. . . . The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *Gohel* v. *Allstate Ins. Co.*, 61 Conn. App. 806, 810, 768 A.2d 950 (2001); see also *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003) (en banc). "In construing a statute and determining the legislative intent, we may take judicial notice of the discussions on the floor of the General Assembly although such discussions are not controlling on statutory interpretation." (Internal quotation marks omitted.) *Gohel* v. *Allstate Ins. Co.*, supra, 815.

The legislative history of Public Acts 1993, No. 93-77 (P.A. 93-77), now codified as § 38a-336 (g) (1), "indicates that it was enacted with the express purpose of repairing a perceived flaw in the legislative scheme concerning the timing for filing claims for uninsured motorist or underinsured motorist coverage. That flaw had been exposed by the Supreme Court in its decision

question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Id.

in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224
Conn. 133, 617 A.2d 445 (1992)." *Gohel* v. *Allstate Ins.
Co.*, supra, 61 Conn. App. 811; see also *Serrano* v. *Aetna
Ins. Co.*, 233 Conn. 437, 443 n.7, 664 A.2d 279 (1995).
The legislature had the *McGlinchey* holding in mind
when it drafted and voted on P.A. 93-77. See *Gohel* v.
*Allstate Ins. Co.*, supra, 812; *Serrano* v. *Aetna Ins. Co.*,
supra, 453 n.20; 36 H.R. Proc. Pt. 8, 1993 Sess., pp.
2751–52, remarks of Representative Cameron C. Sta-
ples. Section 38a-336 (g) (1), furthermore, provides "a
vehicle for contracting out of the six year statutory
limitations period by authorizing an insurer to demand
written notice of an impending claim within a period
that the insurer itself establishes." *Coelho* v. *ITT Hart-
ford*, supra, 251 Conn. 117.

The legislative history and the text of the statute
make it clear that no insurance company is permitted
to place in its policy a limitation period of less than
three years from the date of the accident for uninsured
and underinsured motorist claims. *Gohel* v. *Allstate Ins.
Co.*, supra, 61 Conn. App. 813, citing 36 H.R. Proc.,
supra, pp. 2751–52, remarks of Representative Staples.
For underinsured motorist claims, the statute allows
that limitation period of three or more years to be tolled
provided that the tolling provisions are satisfied.
"[T]hree years after the date of the accident, there needs
to be notice provided. . . . [T]he insurance company
still needs to be notified within three years in writing
that there's the possibility that a claim will be brought
for underinsured motorist coverage and then, after that
notice, there needs to be action brought within 180 days
of the exhaustion of the limits of liability." (Internal
quotation marks omitted.) *Gohel* v. *Allstate Ins. Co.*,
supra, 813, quoting 36 H.R. Proc., supra, p. 2752,
remarks of Representative Staples. The legislative his-
tory further illustrates that a limitation period of less
than three years is considered invalid, and therefore,

"we would resort to the six year statute of limitations for regular contract actions in those cases." *Gohel* v. *Allstate Ins. Co.*, supra, 813, quoting 36 H.R. Proc., supra, pp. 2753–54, remarks of Representative Staples.

If we were to continue to rely on the *Coelho* court's dicta in our reading of the statute, the tolling provision would, in general, become superfluous and in essence would be read out of the statute. As previously discussed, an insurance policy cannot have a limitation period of less than three years. If the limitation provided in the policy is for less than three years, in violation of the statute, the provision becomes invalid and the limitation reverts back to the six year contract limitation. There can never be a case in which the tolling provision would apply to a policy with a limitation period of less than three years because any such period would be invalid.

We now conclude that it was not appropriate to rely on the *Coelho* court's analysis of the tolling provision of § 38a-336 (g) (1) because the *Coelho* court's interpretation did not constitute a holding pertaining to that section of § 38a-336. See *Coelho* v. *ITT Hartford*, supra, 251 Conn. 114–17. The *Coelho* court recognized that § 38a-336 (g) (1) provides a mechanism by which a claimant may toll the limitation period in the policy by giving the insurer written notice of a claim for underinsured motorist benefits and then commencing an action or arbitration within 180 days after exhaustion of the tortfeasor's policy. Id., 117. That statutory scheme provides security to an insured without prejudicing an insurer's ability to respond to a dated claim. Id. The *Coelho* court, however, stated: "The act's tolling provisions expressly apply to *those contracts that limit* the time for commencing a recovery proceeding *to a period of less than three years from the date of accident* . . . ." (Emphasis added; internal quotation marks omitted.) Id., 115–16.

The *Coelho* court's discussion on that matter was not germane to its holding, which involved § 52-576, and is, therefore, not binding on us. "As dicta, it is not binding on this court in the resolution of this appeal." *Millman* v. *Paige*, 55 Conn. App. 238, 242 n.4, 738 A.2d 737 (1999). Section 52-576 does not have a similar tolling provision for which the *Coelho* court would need to draw an analogy to better understand the pertinent section of the statute.[7] The parties in *Coelho* both agreed that the limitation period at issue was § 52-576 because a limitation period had not been set forth in the insurance policy as would have been required for § 38a-336 (g) (1) to have applied. The point of contention in *Coelho* was deciphering at what time the six year contractual limitation period would begin to run. Neither party claimed § 38a-336 (g) (1) applied, but merely referenced it. Our reliance on *Coelho* in our previous opinion was, therefore, unnecessary and we now adopt an interpretation of the statute that is consistent with the meaning of its plain language.

Consistent with the statutory framework, we conclude that the tolling provision of § 38a-336 (g) (1) applies to the plaintiff's insurance policy. The policy expressly included a limitation provision of three years, which complies with the mandatory condition set forth in the statute. Accordingly, § 38a-336 (g) (1) applies to the policy, and the plaintiff had the opportunity to exercise the tolling provisions set forth in the statute and to prevent her claim from becoming stale. It is

---

[7] It appears that the *Coelho* court recognized that its statements were dicta in that it added a footnote, stating that although "at oral argument before this court the defendant seemed to retreat from its position regarding the applicability of P.A. 93-77 [now § 38a-336 (g) (1)] to the plaintiffs' claim, in the absence of an explicit retraction, we address the argument we understand to be articulated in the defendant's brief." *Coelho* v. *ITT Hartford*, supra, 251 Conn. 115 n.6. From our review of the transcripts of oral argument in *Coelho*, it appears that the plaintiffs' counsel only mentioned § 38a-336 (g) (1) in passing, but did not rely on it.

undisputed that the plaintiff provided written notice of her underinsured motorist action to the defendant on July 2, 1999, more than three years after the accident. The plaintiff, as a result, failed to avail herself of the tolling provisions. We conclude that the plaintiff's action is time barred.

The judgment is affirmed.

In this opinion the other judges concurred.