## KAREN TRACY *v.* ALLSTATE INSURANCE COMPANY (SC 17008)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued February 11—officially released March 23, 2004

*Guy L. DePaul,* for the appellant (plaintiff).

*J. Kevin Golger,* for the appellee (defendant).

*Michael C. Jainchill, Kathryn Calibey, Douglas W. Hammond* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

PER CURIAM. This appeal arises from the plaintiff's action to recover underinsured motorist benefits in which the trial court rendered summary judgment in favor of the defendant. On the plaintiff's appeal to the Appellate Court, that court affirmed the trial court's judgment. *Tracy* v. *Allstate Ins. Co.,* 70 Conn. App. 726, 735, 799 A.2d 1109 (2002). Following the plaintiff's motion to reconsider, the Appellate Court issued a subsequent opinion affirming the trial court's judgment,

but modified its prior analysis regarding the tolling provision of General Statutes § 38a-336 (g) (1).[1] *Tracy* v. *Allstate Ins. Co.*, 76 Conn. App. 329, 333–34, 338, 819 A.2d 859 (2003). We granted the plaintiff's petition for certification for appeal limited to the following issue: "Did the Appellate Court properly affirm the summary judgment for the defendant?" *Tracy* v. *Allstate Ins. Co.*, 264 Conn. 905, 826 A.2d 179 (2003). We affirm the judgment of the Appellate Court.

The following facts and procedural history, as set forth in the opinion of the Appellate Court, are undisputed. "On February 20, 1996, the plaintiff, [Karen Tracy] while driving her own vehicle, was injured in a motor vehicle accident caused by the negligence of another driver (tortfeasor). At the time of the accident, she was insured under an automobile insurance policy issued by the defendant [Allstate Insurance Company]. The plaintiff brought an action against the tortfeasor and, on August 24, 1999, settled that action for $20,000, thereby exhausting the liability limits of the tortfeasor's insurance policy. On July 2, 1999, the plaintiff gave written notice to the defendant that she intended to pursue an underinsured motorist claim on the policy. On February 29, 2000, the plaintiff commenced [this] action against the defendant, seeking benefits for dam-

---

[1] General Statutes § 38a-336 (g) (1) provides: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

ages in excess of the tortfeasor's policy limits pursuant to the underinsured motorist provisions of her policy. The defendant filed an answer and special defenses in which it asserted, inter alia, that the plaintiff's cause of action was barred by the three year limitation period contained in the policy that it had issued to her. On July 24, 2000, the defendant filed a motion for summary judgment. The [trial] court granted the motion and rendered judgment in the defendant's favor . . . ." (Internal quotation marks omitted.) *Tracy* v. *Allstate Ins. Co.*, supra, 76 Conn. App. 330–31. This certified appeal followed.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court; id., 329; properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.