BONNIE DORCHINSKY ET AL. *v.* WINDSOR
INSURANCE COMPANY
(AC 25441)

Flynn, Bishop and DiPentima, Js.

Argued April 19—officially released August 2, 2005

*Robert J. Sciglimpaglia, Jr.*, with whom, on the brief, was *Nathalie Feola-Guerrieri*, for the appellants (plaintiffs).

*Andrew H. Sharp* for the appellee (defendant).

*Opinion*

DiPENTIMA, J. In this action brought to recover underinsured motorist benefits, the plaintiff Bonnie Dorchinsky, now known as Bonnie Jones,[1] appeals from the trial court's determination that the defendant Windsor Insurance Company was entitled to summary judgment. We affirm the judgment of the trial court.

On September 20, 1996, the plaintiff was involved in a motor vehicle accident. Having made a claim against the tortfeasor, she received the limits of his liability policy and settled that claim on November 7, 2000. On May 24, 2001, the plaintiff initiated this action against the defendant, her insurer, seeking underinsured motorist benefits for her injuries and losses arising out of the September 20, 1996 accident.

---

[1] The plaintiff Bonnie Dorchinsky commenced this action individually and in her capacity as administratrix of the estate of Barry Dorchinsky. We therefore refer in this opinion to Bonnie Dorchinsky as the plaintiff.

After a trial date was set, the defendant received permission to file a motion for summary judgment. In its motion, the defendant argued that it was entitled to judgment as a matter of law because the plaintiff's claim for benefits under the defendant's policy was untimely pursuant to the terms of that policy. On April 23, 2004, the court granted the defendant's motion and rendered judgment in its favor. This appeal followed.

Although the plaintiff lists nine claims in her statement of issues, she essentially posits four grounds for reversing the judgment. She claims that the court improperly (1) found no genuine issue as to a material fact concerning the timing and sufficiency of the plaintiff's notice, (2) interpreted the policy as to the requirements of that notice, (3) interpreted General Statutes § 38a-336 (g) too strictly and (4) found no waiver or estoppel on the defendant's part. Because the first two claims are inextricably related, we address them together.

I

The plaintiff first claims that the court improperly found no genuine issues of material fact. Specifically, she argues that issues of fact exist as to when she first gave notice to the defendant of her underinsured claim and whether the first notice she gave was sufficient under the policy. Our standard of review is well settled. "Summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary." (Citations omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 802, 842 A.2d 1134 (2004). We view the facts presented in a motion for summary

judgment in the light most favorable to the opposing party. Id., 803.

The pertinent language from the defendant's policy reads: "No claims may be submitted and no legal action may be brought against us after three years from the date of the accident. However, in the case of an underinsured motorist claim, the insured may toll any applicable limitation period by: 1) notifying us prior to the expiration of the applicable limitation period, in writing, of any claim the insured may have for underinsured motorist benefits; and 2) commencing suit under the terms of the policy not more than one hundred eighty (180) days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."[2]

The defendant claims that the plaintiff failed to bring suit within three years and failed to toll that limitation period in accordance with the quoted policy language. In its motion, it asserted that the first notice to the defendant of the plaintiff's underinsured motorist claim was made on November 6, 2000, more than four years after the accident. In objecting to the motion, the plaintiff submitted an affidavit in which she averred that immediately after the accident she telephoned her insurance agent to notify it of the accident, and that shortly after the accident she forwarded a copy of a repair estimate and the police report to her insurance agent along with a note indicating that she "intended to make an insurance claim for all the damages sustained to my car and to me as caused by the accident of 9/20/1996." Nowhere in her affidavit did the plaintiff

---

[2] The plaintiff's failure to comply with the second prong of this policy provision was not pursued by the defendant in its motion for summary judgment.

state that she sent written notice of a claim for underinsured motorist benefits prior to the letter of November 6, 2000.[3]

On those facts, the court granted the motion for summary judgment. It stated: "Thus, the facts construed most favorably to the plaintiff are that the first written notice of a claim specifically referencing underinsured motorist benefits was November 6, 2000. Any notice prior to that time was that set forth in the plaintiff's affidavit. In the court's view, the notice referenced in the plaintiff's affidavit is insufficient to comply with the requirements of the policy and, therefore, notice as required by the policy was first provided on November 6, 2000, more than three years beyond the date of the accident. This court believes that the notice requirement in the policy contemplates specific reference to a potential claim for underinsured motorist benefits and that a notice which references nothing more than the accident and a claim for property damage, medical bills and damages in general is not sufficient."

We agree with the court's reading of the policy, as well as its finding that no genuine issue of fact exists as to when sufficient notice under the policy was provided. The policy plainly requires written notice of a claim for underinsured motorist benefits. Viewing the evidence most favorably to the plaintiff, the court properly concluded that the plaintiff did not provide such notice until well after the three year period of limitation.

## II

Recognizing that the policy language is in accord with the language of the statute, the plaintiff claims that the

---

[3] There is no dispute as to the sufficiency of the November 6, 2000 letter that was sent by the plaintiff's counsel to the defendant. A copy of this letter was produced by the plaintiff on April 23, 2003, in response to the defendant's disclosure request that stated: "Please state whether you claim to have notified [the defendant] in writing of your claim for underinsured motorist benefits and, if so, state the date of such notice."

court interpreted § 38a-336 (g)[4] too strictly by reading it to require the specific words "underinsured" or "uninsured" in the notice. She argues that if an insurance company is put on notice of "any potential claim" under the policy within three years, the notice requirement under the statute and this policy is satisfied. We disagree.

As this claim involves a question of statutory construction, we note the well established principles of statutory interpretation. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When we must consider extratextual evidence of the meaning of a statute, we look to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Statutory interpretation is a question of law, over which our review is plenary." (Citations

---

[4] General Statutes § 38a-336 (g) (1) provides in relevant part: "No insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

omitted; internal quotation marks omitted.) *Gomes* v. *Massachusetts Bay Ins. Co.*, 87 Conn. App. 416, 422–23, 866 A.2d 704, cert. denied, 273 Conn. 925, 871 A.2d 1031 (2005).

Citing *Gohel* v. *Allstate Ins. Co.*, 61 Conn. App. 806, 815, 768 A.2d 950 (2001), the plaintiff notes the remedial nature of the underinsured motorist statute to argue that its provision should be construed liberally in her favor. Although we recognize that principle as applied to § 38a-336 (g), we are also cognizant of the competing interest addressed by that provision. "That statutory scheme provides security to an insured without prejudicing an insurer's ability to respond to a dated claim." *Tracy* v. *Allstate Ins. Co.*, 76 Conn. App. 329, 336, 819 A.2d 859 (2003), aff'd, 268 Conn. 281, 842 A.2d 1123 (2004).

To toll the applicable limitation period under § 38a-336 (g) (1), the insured must provide written notice to the insurer "of any claim which the insured may have for underinsured motorist benefits . . . ." That language plainly and unambiguously requires the insured to inform its insurer not merely that it is pursuing a claim, but rather that it is pursuing a claim for underinsured motorist benefits. As this court noted in *Tracy*, "[t]he insurance company . . . needs to be notified . . . in writing that there's the possibility that a claim will be brought *for underinsured motorist coverage* . . . ." (Emphasis added; internal quotation marks omitted.) *Tracy* v. *Allstate Ins. Co.*, supra, 76 Conn. App. 335.[5] We therefore conclude that the court properly interpreted the requirements of § 38a-336 (g).

---

[5] The *Tracy* court also explained that in *Coelho* v. *ITT Hartford*, 251 Conn. 106, 117, 752 A.2d 1063 (1999), our Supreme Court "recognized that [General Statutes] § 38a-336 (g) (1) provides a mechanism by which a claimant may toll the limitation period in the policy by giving the insurer written notice of a claim for underinsured motorist benefits . . . ." *Tracy* v. *Allstate Ins. Co.*, supra, 76 Conn. App. 336.

## III

Finally, the plaintiff argues that the court improperly failed to find that the defendant had waived its right to receive written notice and was estopped from defending this action on the ground of untimeliness or, in the alternative, that the court improperly failed to find that genuine issues of material fact existed on this issue. This claim merits little discussion.

We have explained that "[w]aiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 445–46, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004).

Having concluded that the defendant received no notice of any underinsured motorist benefits claim until after the three year period expired, the court found that there was no waiver, implied or express, by the defendant. On our careful review of the record, we agree. Further, the court correctly concluded that the plaintiff had shown no issues of fact as to her detrimental reliance. Accordingly, the plaintiff's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.