******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MICHELLE J. POLLARD *v.* GEICO GENERAL INSURANCE COMPANY
## (AC 44560)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover underinsured motorist benefits pursuant to an automobile insurance policy issued by the defendant insurer in connection with injuries she had sustained in a motor vehicle accident in 2012. The plaintiff first brought an action against the defendant in 2016 related to the accident, which the trial court disposed of by granting the defendant's motion for nonsuit due to the plaintiff's failure to comply with discovery orders. The plaintiff initiated the present action against the defendant in 2019 pursuant to the accidental failure of suit statute (§ 52-592 (a)). The defendant moved for summary judgment, alleging that the plaintiff could not bring the present action pursuant to § 52-592 (a) because the nonsuit in the prior action was for disciplinary reasons and further alleging that her claim for benefits was untimely pursuant to the terms of the policy, which precluded claims for underinsured motorist benefits from being brought more than three years after the date of an accident without invoking a tolling provision of the policy by providing the defendant with written notice of a claim for uninsured motorist benefits. The plaintiff claimed that a letter her counsel sent to the defendant in 2012 satisfied the tolling provision of the insurance policy. The trial court granted the motion and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the plaintiff could not prevail on her claim that the trial court improperly granted summary judgment to the defendant: although the trial court granted the motion for summary judgment on the basis that, as a matter of law, § 52-592 (a) was not applicable, this court affirmed the trial court's granting of summary judgment on the alternative ground that no genuine issues of material fact existed as to whether the plaintiff failed to bring suit within three years and failed to toll that limitation period in accordance with the insurance policy, as it was undisputed that the plaintiff commenced the action for underinsured motorist benefits outside of the three year limitation period, as neither the 2016 action nor the 2019 action was commenced within three years of the 2012 accident, and, the written notice the plaintiff provided to the defendant of the accident contained no reference to a potential claim for underinsured motorist benefits and, thus, as a matter of law, was insufficient to satisfy the policy's unambiguous tolling provision; moreover, the defendant was not required to make a showing that no genuine issue of material fact existed as to all elements of the tolling provision, as the plaintiff's failure to meet either requirement of the tolling provision rendered it inapplicable.

Argued May 9—officially released September 6, 2022

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. Robert B. Shapiro*, judge trial referee, granted the defendant's motion to strike; thereafter, the court, *Cobb, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*John A. Sodipo*, for the appellant (plaintiff).

*Joseph M. Busher, Jr.*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Michelle J. Pollard, appeals from the summary judgment rendered by the trial court in favor of the defendant, Geico General Insurance Company, on the plaintiff's complaint seeking to recover underinsured motorist benefits. On appeal, the plaintiff claims that the court improperly determined that the accidental failure of suit statute, General Statutes § 52-592 (a), did not apply so as to revive her otherwise time barred action. The defendant counters that summary judgment was appropriately rendered and asserts, as an alternative ground for affirmance of the court's judgment, that the plaintiff's action was barred because she failed under the terms of the parties' insurance policy to commence suit timely or to invoke the policy's tolling provision. We agree with the defendant's alternative argument and, accordingly, affirm the judgment of the trial court on that basis.

The following facts, viewed in the light most favorable to the plaintiff, and procedural history are relevant. In November, 2016, the plaintiff brought a prior action to recover underinsured motorist benefits against the defendant in connection with an automobile collision (2016 action).[1] In the operative complaint in that action, the plaintiff alleged that, on or about September 17, 2012, she was rear-ended by a vehicle operated by Norma Rivera while operating her automobile in a drive-through lane of a fast food restaurant in Hartford and, as a result, she suffered injuries and incurred medical expenses. She alleged that Rivera's insurer paid her the full liability limits under Rivera's automobile insurance policy such that coverage under Rivera's policy was exhausted on or about June 9, 2016. She further alleged that she had not been sufficiently compensated by Rivera's policy and that, pursuant to the insurance policy between her and the defendant, the defendant was required to provide her with underinsured motorist benefits but had failed to do so. She claimed breach of contract, breach of the implied covenant of good faith and fair dealing, a violation of Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and breach of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq.

During the litigation of the 2016 action, a dispute arose regarding the plaintiff's compliance with the defendant's interrogatories and requests for production, which culminated in the court, *Shapiro, J.*, granting the defendant's motion for nonsuit on May 31, 2018. In granting the motion for nonsuit, the court stated: "Granted absent objection. Nonsuit may enter against the plaintiff due to failure to comply with the court's previous order, dated October 6, 2017, directing discovery compliance by November 3, 2017."

In April, 2019, the plaintiff initiated the present action against the defendant pursuant to the accidental failure of suit statute. In the operative complaint, the plaintiff repeated the allegations in the 2016 action, and again claimed breach of contract (count one), breach of the implied covenant of good faith and fair dealing (count two), a violation of CUTPA (count three) and a violation of CUIPA (count four). The defendant filed a motion to strike counts two, three and four of the complaint, which the court granted on February 13, 2020, leaving only count one, in which the plaintiff alleged that the defendant breached the contract between the parties by failing to provide her with underinsured motorist benefits in relation to the September, 2012 collision at the fast food restaurant.

The defendant filed a motion for summary judgment and memorandum of law in which it contended that no genuine issue of material fact existed that (1) the plaintiff could not bring the present action for underinsured motorist benefits pursuant to the accidental failure of suit statute because the nonsuit in the 2016 action was for disciplinary reasons and was not a matter of form[2] and (2) the plaintiff failed to bring an action within three years of the date of the accident and failed to invoke the tolling provision of the insurance policy by providing the defendant with proper written notice of a claim for underinsured motorist benefits and, therefore, the present action is time barred. The plaintiff filed an objection and a memorandum of law in opposition to the defendant's motion. The court, *Cobb, J.*, granted the defendant's motion for summary judgment on the first ground after determining that no genuine issues of material fact existed and that, as a matter of law, the accidental failure of suit statute was not applicable. The court did not address the second ground raised in the defendant's motion. The plaintiff filed a motion to reargue/reconsider, which the court denied. Additional facts and procedural history will be set forth as necessary. This appeal followed.

On appeal, the plaintiff claims that the court erred in granting the defendant's motion for summary judgment because (1) the court's conclusion was based on an insufficient factual record, (2) the court erred in making credibility assessments on the basis of a "cold printed record" and (3) the court erred in deciding on a motion for summary judgment issues concerning motive, intent and subjective feelings and reactions. The plaintiff also claims that the court violated her right to due process in granting the defendant's motion for summary judgment and denying her motion to reargue/reconsider without a hearing.[3]

We turn our focus to the issue that was raised by the defendant in its motion for summary judgment that was not addressed by the trial court. On appeal, the defendant argues that no genuine issues of material fact

exist with respect to the plaintiff's failure, as a matter of law, to invoke the tolling provision of the insurance policy, which requires, inter alia, a timely written notice to the defendant of her claim for underinsured motorist benefits. This alternative ground, which was properly raised on appeal by the defendant and which the plaintiff had the opportunity to address in her reply brief, is dispositive of the appeal.[4] See *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 794, 749 A.2d 1144 (2000) ("Where the trial court reaches a correct decision but on [alternative] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." (Citation omitted; internal quotation marks omitted.)); *Vollemans* v. *Wallingford*, 103 Conn. App. 188, 219, 928 A.2d 586 (2007) (appellate court has discretion to rule on alternative grounds for summary judgment, even when trial court did not do so), aff'd, 289 Conn. 57, 956 A.2d 579 (2008).

We begin with the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitles him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 115–16, 49 A.3d 951 (2012).

According to General Statutes § 38a-336 (g) (1), "[n]o insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on the . . . underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist

benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals." The requirements in § 38a-336 (g) (1) for underinsured motorist claims were incorporated into the insurance policy between the parties. Section V, paragraph 6, of the insurance policy, under the subheading "CLAIMS OR SUITS," addresses claims under section IV of the insurance policy, which concerns uninsured and underinsured motorist benefits, and provides: "All claims or suits under Section IV must be brought within three years of the date of accident. However, this does not apply to an underinsured motorist claim if the *insured*: (a) notifies us within three years of the date of accident, in writing, that he may have a claim for underinsured motorists benefits; and (b) commences suit under the terms of the policy no more than 180 days from the date of exhaustion of the limits of liability under all automobile bodily injury bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals." (Emphasis in original.)

It is undisputed that the plaintiff commenced an action for underinsured motorist benefits outside the three year limitation period. Specifically, neither the 2016 action nor the present action were commenced within three years after the September 17, 2012 accident. At issue is whether a genuine issue of material fact exists regarding whether a letter, dated October 1, 2012, that is addressed to the defendant from the plaintiff's counsel and is titled "LETTER OF REPRESENTATION," satisfies part (a) of the tolling provision of the policy, which concerns written notice to the defendant of a claim for underinsured motorist benefits. Although the plaintiff in its opposition mentioned phone calls between the parties, the only notification that was in writing, as required under the policy, is the October 1, 2012 letter. In the operative complaint in the present action, the plaintiff alleged that "[the defendant] was notified on or about September 17, 2012, about the collision to set up property damage and a personal injury file." In its memorandum of law in support of its motion for summary judgment, the defendant argued that the October 1, 2012 letter did not satisfy the requirement of part (a) of the tolling provision of the insurance policy because it "makes no reference to a claim for underinsured motorist benefits." The defendant attached a copy of the October 1, 2012 letter to its motion. The plaintiff attached to her opposition the October 1, 2012 letter and an affidavit of Bildade Augustin, a litigation paralegal at Jacobs & Sodipo, LLC. Augustin stated that, "[b]ased on my training and the

information given to me by [the plaintiff], I knew that there might be an uninsured or underinsured motorist claim against [the plaintiff's] policy. To this extent, I simultaneously sent a notice of claim, which we also refer to as a letter of representation, to both Nationwide (the tortfeasor's insurer of record in the police report) and also to [the defendant] . . . . I spoke with employees of both insurance companies by phone prior to sending the letters on or about October 1, 2012." In her memorandum of law in opposition to the defendant's motion for summary judgment, the plaintiff argued that "written notice was sent to [the defendant] . . . on or about October 1, 2012, by Bildade Augustin. . . . The written notice sent to [the defendant] on October 1, 2012, satisfied the written notice requirement that [the defendant] requires in the contract. It states the date of the accident, the parties involved, and that the plaintiff suffered personal injuries. Whether or not a written notice was sent to [the defendant] in a timely manner as well as the sufficiency of said notice is an issue for the trier of fact."

On appeal, the defendant argues that, "[a]fter years of attempting to elicit the basis for timely written notice of an underinsured motorist claim . . . the plaintiff ultimately claimed that an October 1, 2012 letter qualifies as written notice of a claim for underinsured motorist benefits. . . . Even if the October [1], 2012 letter was sent to [the defendant], which is denied, the letter does not comply with the policy requirement that [the defendant] be notified in writing that an underinsured motorist claim might be pursued." The plaintiff counters in her reply brief that the defendant cannot prevail on its alternative ground for affirmance because genuine issues of material fact exist, including whether the defendant received the October 1, 2012 letter.

Whether the defendant received the October 1, 2012 letter is not material to our analysis. Regardless of whether the October 1, 2012 letter was timely sent, or, as the defendant argues, sent at all, there is no genuine issue of material fact that the plaintiff failed to provide the defendant with written notice of her intention to pursue an underinsured motorist claim as required by part (a) of the tolling provision of the insurance policy. "Although facts may be in dispute, the disputed facts must be material." (Internal quotation marks omitted.) *Citibank (South Dakota)*, *N.A.* v. *Manger*, 105 Conn. App. 764, 765–66, 939 A.2d 629 (2008). "A material fact is one that would alter the outcome of the case." *Southbridge Associates, LLC* v. *Garofalo*, 53 Conn. App. 11, 14, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).

Construing the evidence in the light most favorable to the plaintiff, and assuming that the October 1, 2012 letter was sent to and received by the defendant in October, 2012, which is within three years of the date

of the incident, the three year limitation period for filing an underinsured motorist benefits action is not tolled because, as a matter of law, the letter is insufficient to satisfy part (a) of the unambiguous tolling provision of the insurance policy. See *Dorchinsky* v. *Windsor Ins. Co.*, 90 Conn. App. 557, 561, 877 A.2d 821 (2005) (affirming trial court's granting of summary judgment on basis that written notice of claim for underinsured motorist benefits was insufficient to satisfy tolling provision of insurance policy).

The October 1, 2012 letter, which was sent from John A. Sodipo from Jacobs & Sodipo, LLC, to the defendant, states: "Please be advised that this office has been retained to represent the interests of [the plaintiff] in connection with injuries sustained in a motor vehicle accident which occurred on September 17, 2012 in Hartford, Connecticut. Kindly forward all future correspondence regarding this claim to our office. Our office is requesting a copy of [the plaintiff's] insurance policy. [The plaintiff] is currently seeking medical treatment for her injuries. I would appreciate you opening the appropriate bodily injury claim file. We are requesting that you contact our office upon receipt of this correspondence. Thank you for your cooperation." (Emphasis omitted.) Significantly, the letter contains no reference to a potential claim for underinsured motorist benefits.

*Dorchinsky* v. *Windsor Ins. Co.*, supra, 90 Conn. App. 557, involved a provision of an insurance policy that is similar to the policy provision at issue in the present case in that the language of the tolling provision in both polices are in accord with § 38a-336 (g) (1). See id., 561–63. In *Dorchinsky*, this court held that the trial court properly determined that no genuine issue of material fact existed that the tolling provision of the insurance policy required a specific reference to a potential claim for underinsured motorist benefits and that a notice referencing, in general, only the accident, property damage, medical bills and damages was not sufficient. Id., 561. This court rejected the plaintiff's claim that, in granting a motion for summary judgment, the trial court had construed the tolling provision of the policy "too strictly by reading it to require the specific words 'underinsured' or 'uninsured' in the notice." Id., 562. The trial court determined that the notice was "insufficient to comply with the requirements of the policy," and that "the notice requirement in the policy contemplates specific reference to a potential claim for underinsured motorist benefits and that a notice which references nothing more than the accident and a claim for property damage, medical bills and damages in general is not sufficient." (Internal quotation marks omitted.) Id., 561. This court reasoned that, "[t]o toll the applicable limitation period under § 38a-336 (g) (1), the insured must provide written notice to the insurer of any claim which the insured may have for underinsured

motorist benefits. . . . That language plainly and unambiguously requires the insured to inform its insurer not merely that it is pursuing a claim, but rather that it is pursuing a claim for underinsured motorist benefits. As this court [has noted], [t]he insurance company . . . needs to be notified . . . in writing that there's the possibility that a claim will be brought for underinsured motorist coverage. . . . We therefore conclude that the court properly interpreted the requirements of § 38a-336 (g)." (Emphasis omitted; footnote omitted; internal quotation marks omitted.) Id., 563, quoting *Tracy* v. *Allstate Ins. Co.*, 76 Conn. App. 329, 335, 819 A.2d 859 (2003), aff'd, 268 Conn. 281, 842 A.2d 1123 (2004).

In the present case, no genuine issues of material fact exist regarding the plaintiff's failure to satisfy part (a) of the policy's tolling provision. Similar to the insufficient written notice in *Dorchinsky*, which advised the defendant only of the accident, retention of counsel, and the existence of physical injuries; *Dorchinsky* v. *Windsor Ins. Co.*, supra, 90 Conn. App. 561; the notification here did not contain a specific reference to a potential claim for underinsured motorist benefits. The October 1, 2012 letter stated only a potential claim, in general, and did not specifically state that the plaintiff may have a claim for *underinsured motorist benefits*. As such, the October 1, 2012 letter does not satisfy the plain and unambiguous language of the insurance policy, which required that, in order to invoke the tolling provision, the plaintiff inform the defendant explicitly that she may have a claim for underinsured motorist benefit*s*.

The plaintiff contends in her reply brief that, according to *Romprey* v. S*afeco Ins. Co. of America*, 310 Conn. 304, 77 A.3d 726 (2013), the defendant cannot prevail on its alternative ground for affirmance because the defendant, by addressing only part (a) of the tolling provision regarding written notice in its motion for summary judgment, failed to make a showing that no genuine issue of material fact existed as to "all elements" of the tolling provision because it failed to address part (b) of that provision, which concerned the timely commencement of suit following exhaustion. The plaintiff misreads *Romprey*, which holds that a defendant moving for summary judgment pursuant to § 38a-336 (g) (1) has the initial burden of demonstrating the nonexistence of a genuine issue of material fact "with respect to *both* the three year limitation period *and* the statute's compulsory tolling provision." (Emphasis in original.) *Romprey* v. *Safeco Ins. Co. of America*, supra, 323. The court concluded that, "[b]ecause the defendant failed to negate a genuine issue of material fact concerning whether the plaintiffs had met the statutory tolling provisions of § 38a-336 (g) (1), the plaintiffs had no obligation to submit documents establishing the existence of such an issue. . . . Consequently, the trial

court should never have reached the question of the adequacy of the plaintiffs' evidence." (Citation omitted; internal quotation marks omitted.) Id., 326.

In the present case, the defendant satisfied its burden for summary judgment with respect to both the three year limitation period, which was undisputedly not met, and the statute's tolling provision, as established by *Romprey*. The tolling provision of the insurance policy requires *both* that the plaintiff (1) provide written notice to the defendant within three years of the date of the accident that she may have a claim for underinsured motorist benefits *and* (2) commence an action within 180 days from the date of exhaustion. Because both requirements of the tolling provision must be satisfied, the failure to meet either requirement renders the tolling provision inapplicable.[5] See, e.g., *Dorchinsky* v. *Windsor Ins. Co.*, supra, 90 Conn. App. 561 (insufficient written notice of claim for underinsured motorist benefits rendered tolling provision of insurance policy unsatisfied). Accordingly, the defendant, in demonstrating that, as a matter of law, the October 1, 2012 letter failed to satisfy the requirements of a written notice of a claim for underinsured motorist benefits under part (a) of the policy's tolling provision, was entitled to summary judgment. For the foregoing reasons, we affirm the court's granting of the defendant's motion for summary judgment on the alternative ground that no genuine issues of material fact exist that the plaintiff failed to bring suit within three years and failed to toll that limitation period in accordance with the insurance policy.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We take judicial notice of the file in the 2016 action. See, e.g., *Karp* v. *Urban Redevelopment Commission*, 162 Conn. 525, 527, 294 A.2d 633 (1972) (no question exists concerning power of court to take judicial notice of files in Superior Court).

[2] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

[3] This constitutional ground relates to the court's decision regarding the inapplicability of the accidental failure of suit statute. Thus, it is outside the scope of this opinion.

[4] "Dismissal of a claim on alternative grounds is proper when those grounds present pure questions of law, the record is adequate for review, and the [opposing party] will suffer no prejudice because he has the opportunity to respond to proposed alternative grounds in the reply brief." *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 308 n.8, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016). These requirements are satisfied. The plaintiff suffered no prejudice, the question presented is a matter of law and the record, which contains both the policy and the letter at issue, is adequate for review.

[5] The plaintiff's compliance with the part (b) of the tolling provision is not challenged by the defendant.