United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2006**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

No 05-20219

MARK NEWBY, ET AL.,

Plaintiffs,

VERSUS

ENRON CORPORATION, ET AL.,

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNECTICUT RESOURCES RECOVERY AUTHORITY,

Plaintiff-Appellee,

VERSUS

MURTHA CULLINA LLP, ET AL.,

Defendants,

HAWKINS, DELAFIELD & WOOD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and GARZA,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The law firm of Hawkins, Delafield & Wood ("Hawkins") appeals an order of remand to state court. Finding no error, we affirm.

I.

In late 2000, the Connecticut Resources Recovery Authority ("CRRA") agreed to pay Enron Corporation ("Enron") $220 million in exchange for Enron's promise to make a series of payments to CRRA for power to be produced by CRRA over the next eleven years. Hawkins represented CRRA in the negotiations. Enron stopped making payments when it entered bankruptcy in December 2001, at which time CRRA was still owed approximately $200 million.

In 2002, CRRA filed two lawsuits in Connecticut state court seeking recovery of that sum. One suit named a litany of Enron-related defendants; the other alleged legal malpractice against the attorneys who had represented CRRA, including Hawkins. According to CRRA, Hawkins issued a legal opinion stating that CRRA had the statutory authority to enter into the deal, that the deal did not threaten CRRA's tax exempt status, and that CRRA's bondholders did not need to consent to the deal. All of this, alleges CRRA, was false.

While both suits were pending in state court, Hawkins used a Connecticut procedural device known as an "apportionment complaint" to bring some of the Enron-related defendants ("the apportionment defendants") into the lawsuit against Hawkins. An apportionment complaint impleads new defendants and allows the court to divide the plaintiff's damages among multiple defendants based on the extent to which each defendant's negligence caused the damages. After being made parties to the malpractice suit, the apportionment defendants removed the case to federal court as a matter related to the Enron bankruptcy. Because of the connection to Enron-related matters, the case was transferred from the District of Connecticut to the Southern District of Texas.

The district court accepted jurisdiction of the malpractice suit in its post-apportionment form. The court found, and we agree, that the inclusion of the apportionment defendants in the malpractice suit is the sole source of federal jurisdiction over the malpractice suit. CRRA moved to strike Hawkins's apportionment complaint for failure to state a claim under Connecticut law, and the district court granted the motion, thereby removing the apportionment defendants from the malpractice suit.

Because removal of the apportionment defendants destroyed the basis for federal jurisdiction, the district court remanded the mal-

2

practice suit to state court. Hawkins argues on appeal that the court erred in striking the apportionment complaint and that the case should be allowed to continue in federal court with the apportionment defendants in tow.

## II.

The remand order relies on the district court's interpretation of the Connecticut law on apportionment. We review a district court's interpretation of state law *de novo*. *See Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000).

In Connecticut, a motion to strike a complaint admits well-pleaded facts and implications therefrom as true but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. *Emerick v. Kuhn*, 737 A.2d 456, 461 (Conn. App. 1999). The court should grant a motion to strike only if it asserts conclusions of law that the facts alleged do not support. *Mora v. Aetna Life & Cas. Ins. Co.*, 535 A.2d 390, 392 (Conn. App. 1988).

CRRA argues that the apportionment complaint is legally insufficient because, on its face, it does not meet the requirements of Connecticut law. Apportionment complaints are specifically authorized by Connecticut General Statutes §§ 52-102b and 52-572h.

Section 52-572h establishes a system of comparative negligence whereby defendants are entitled to have damages apportioned among all parties whose negligence contributed to the plaintiff's injury. The statute limits this comparative negligence regime to negligence actions involving "personal injury, wrongful death or damage to property." CONN. GEN. STAT. § 52-572h(b). Section 52-572h thus creates a right of apportionment in

certain cases. Section 52-102b outlines the procedures used to file an apportionment complaint. *See Lostritto v. Cmty. Action Agency*, 848 A.2d 418, 427 (Conn. 2004).

The parties agree on appeal that Hawkins's apportionment complaint is not proper under §§ 52-572h and 52-102b. Because the underlying legal malpractice suit does not involve personal injury, wrongful death, or damage to property, the statutory right to apportionment is inapplicable. Hawkins argues, however, that Connecticut *common law* establishes an extra-statutory right to file an apportionment claim in negligence cases that do not involve personal injury, wrongful death, or damage to property.

The district court held that the common law of Connecticut does not create such a right. The court also struck the apportionment complaint on two other grounds.

First, the underlying suit alleges legal malpractice, and § 52-572h forbids apportionment in breach of fiduciary duty claims. Second, by bringing Enron defendants into the case, the apportionment complaint resulted in a mixture of negligence and intentional tort claims, which is forbidden under Connecticut apportionment law. Each of these grounds is sufficient to defeat the apportionment complaint, so Hawkins must overcome all of them to prevail on appeal. If the apportionment complaint fails, it follows that the remand order is proper, because inclusion of the apportionment defendants is the sole basis of federal jurisdiction.

## III.

Hawkins contends that, as a matter of Connecticut law, a common law right to file an apportionment complaint in negligence cases not

involving personal injury, wrongful death, or property damage was recognized in *Williams Ford, Inc. v. Hartford Courant Co.*, 657 A.2d 212 (Conn. 1995). *Williams Ford* eliminated the contributory negligence defense in negligence cases not already covered by § 52-572h, replacing it with a comparative negligence scheme that assigns fault between plaintiff and defendant. The stated objective in so holding was to "assure that the body of the law—both common and statutory—remains coherent and consistent." *Williams Ford*, 657 A.2d at 225 (internal quotations omitted).

*Williams Ford* nowhere mentions apportionment or any similar concept. Hawkins argues, however, that because *Williams Ford* extended the comparative negligence regime to all negligence cases, it follows that the related right of apportionment was likewise extended, via the common law, to negligence cases not covered by § 52-572h.

The Connecticut courts since *Williams Ford* have not read the case to stand for that proposition. Only one unpublished trial court opinion supports Hawkins's theory. *See Vona v. Lerner*, 1998 WL 437337, at *2 (Conn. Super. 1998). The majority of Connecticut decisions, including more persuasive appellate authority, have not recognized any link between *Williams Ford* and apportionment. Connecticut courts typically refuse to allow apportionment claims in legal malpractice actions such as the one here, because legal malpractice claims do not meet the § 52-572h requirement that personal injury, wrongful death, or property damage be alleged.[1]

Thus for the majority of Connecticut courts, the fact that legal malpractice actions plainly fall outside the bounds of § 52-572h has been the dispositive factor in rejecting apportionment claims in such cases. Hawkins's theory of the common law apportionment claim is unsupported by the bulk of state law authority. We agree with the district court that there is no right to file a common law apportionment claim in Connecticut.[2]

## IV.

The district court struck the apportionment complaint also because § 52-572h states that

---

[1] *See, e.g., Carpenter v. Law Offices of Dressler & Assocs., LLC*, 858 A.2d 820, 823-24 (Conn. App.) (holding that in a legal malpractice case, (continued...)

[1] (...continued)
"the court lacked subject matter jurisdiction over the *apportionment* action because § 52-102b(a) limits apportionment to . . . 'causes of action based on negligence . . . to recover damages resulting from personal injury, wrongful death or damage to property'"), *cert. denied*, 863 A.2d 700 (Conn. 2004). *See also Gauthier v. Kearns*, 2000 WL 727185, at *4-*5 (Conn. Super. 2000) (holding that the availability of an apportionment claim in a legal malpractice action depends on whether such a claim alleges personal injury, wrongful death, or property damage); *Shevlin v. Shafran*, 2001 WL 1468629, at *3 (Conn. Super. 2001) (reasoning that "the plaintiff claims only economic loss and not physical damage to or loss of use of property," apportionment was unavailable in a legal malpractice case); *Anderson v. Bitondo*, 1998 WL 279810, at *1 (Conn. Super. 1998) (explaining that "[s]ince the claims for which apportionment is sought are not within the scope of the apportionment statute, the motion to strike all counts of the apportionment complaint is granted").

[2] Hawkins' apportionment complaint was explicitly filed under §§ 52-572h and 52-102b, not under a common law theory. Hawkins apparently urged the common law basis for its claim only after discovering that the statutes bar apportionment in legal malpractice cases.

4

"[t]his section shall not apply to breaches of trust or of other fiduciary obligation." CONN. GEN. STAT. § 52-572h(k). Connecticut case-law indicates that legal malpractice claims qualify as breach of fiduciary duty claims for purposes of the statute. *See Andrews v. Gorby*, 675 A.2d 449, 453 (Conn. 1996) (citing *Matza v. Matza*, 627 A.2d 414, 423-24 (Conn. 1993).[3] Hawkins makes no meaningful objection to the notion that its apportionment claim runs afoul of § 52-572h(k). Because the underlying legal malpractice claim is properly characterized as a claim for breach of fiduciary obligation, the district court correctly determined that apportionment is not appropriate.

V.

The district court's final justification is that the incorporation of the apportionment complaint into the case resulted in the co-mingling of negligence and non-negligence claims, which is prohibited by statute. Section 52-572h(o) states that "there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence."

CRRA alleged both negligence and non-negligence claims against the apportionment defendants, but Hawkins argues that its apportionment complaint incorporates only the negligence claims. A plain reading of the apportionment complaint, however, does not support this contention.

Nowhere does the apportionment complaint state that Hawkins disavows the intentional tort claims against the apportionment defendants or that it is incorporating only the negligence claims. The complaint mentions CRRA's Enron-related lawsuit a number of times, and it is never evident that Hawkins wished to incorporate only some of the claims from that suit. The apportionment complaint is vague as to exactly what it alleges, and the district court was correct to reject Hawkins's contention that its complaint incorporated only negligence claims.

Moreover, the apportionment complaint specifically incorporates allegations of aiding and abetting against the apportionment defendants. As the district court noted, aiding and abetting liability arises from an active awareness of the tortious conduct of the principal actor and does not sound in negligence.[4] Thus, by the complaint's own terms, the apportionment defendants are "parties liable on any basis other than negligence."

Hawkins offers no response to this point on appeal. Accordingly, § 52-572h(o) forbids Hawkins's attempt to bring the apportionment defendants into the legal malpractice suit.[5]

---

[3] *See also Whitaker v. Erdos & Maddox*, 2000 WL 1862127, at *4 (Conn Super. 2000) (holding that apportionment was unavailable for a legal malpractice claim because by definition the claim involved a breach of fiduciary obligations); *Shevlin v. Shafran*, 2001 WL 1468629, at *3 (Conn. Super. 2001).

[4] The district court also noted that CRRA's original complaint against Hawkins alleges breach of contract as well as negligence. Hawkins is therefore potentially liable for both negligent and non-negligent activity. Because Hawkins is "liable on any basis other than negligence," apportionment is not appropriate under § 52-572h(o). Hawkins makes no response to this point on appeal.

[5] Hawkins contends that even if its apportionment complaint is improper because it makes non-negligence allegations, the remedy is not to strike the entire complaint but to strike only the
(continued...)

5

For the foregoing reasons, the district court did not err in striking Hawkins's apportionment complaint, and the remand order was proper. The judgment is AFFIRMED.

---

[5](...continued)
improper portions of it. Even assuming that this were possible given the nature of the allegations, Hawkins cites no authority indicating that such a remedy is appropriate. In any event, Hawkins did not suggest such a remedy to the district court.