FRITZ NATHAN *v.* UNITED JEWISH CENTER OF DANBURY, INC.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 92915

Memorandum filed March 23, 1955.

*Marsh, Day & Calhoun,* of Bridgeport, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendant.

MURPHY, J. On July 28, 1952, the plaintiff, a New York architect, entered into a contract with the defendant corporation under which he was to design and supervise the construction of a synagogue and school in Danbury. The agreement provided for arbitration of disputes between the parties but made no provision for the appointment of an arbitrator or the time within which the arbitrator should act.

Upon application of the plaintiff, this court appointed an arbitrator on June 11, 1954. He filed his award on December 24, 1954, denying additional compensation to the plaintiff. The plaintiff seeks to vacate the award because it was not made within sixty days of his appointment as required under General Statutes § 8159 and because the arbitrator exceeded his power, was partial and prejudiced the rights of the plaintiff.

The award should have been made not later than August 10, 1954, unless the following portion of § 8159 applies: "An award made after [sixty days from the date on which the arbitrator was empowered to act] shall have no legal effect unless the parties expressly extend the time in which such award may be made, which extension or ratification shall be in writing." No adjournment or postponement by the arbitrator could extend the sixty-day period. General Statutes § 8156. It could only be accomplished by concurrence of the parties in the manner prescribed.

It seems significant that no hearings were scheduled or held before the expiration of the sixty-day period. Thereafter, they were held on dates that were mutually agreeable to the parties. So much of the correspondence as has been offered in evidence to prove written ratification starts with a letter dated July 19, 1954, from plaintiff's counsel to the arbitrator, stating that he had confirmed with defense counsel the date of August 17 for hearing. On July 23, defendant's counsel wrote to plaintiff's counsel asking for postponement until after Labor Day. The latter agreed in letter dated July 26 and suggested September 9 for hearing. Defendant's counsel confirmed this date in letter of July 27. On September 3, plaintiff's counsel wrote to both the arbitrator and opposing counsel that he was making arrangements with his client for his attendance on

that day. By letter dated September 23, he advised the arbitrator that "we" (opposing counsel and himself) had tentatively scheduled October 5 and 6 for resumption of the hearing. A copy was sent to defense attorney. On October 7, he forwarded a written memo to the arbitrator and a copy to counsel of a tentative date for resumption on October 21 or 22. In a letter to defense counsel dated October 22, he referred to certain understandings at the time of the resumed hearings regarding the production of certain documents and the attendance of two witnesses. Also he wrote that he had talked with the arbitrator, who had agreed to October 28 as the date for final hearing. This letter concluded with the following pertinent paragraph:

"Unless I hear from you to the contrary, I will assume that this will also be all right with you."

On December 16, he wrote a covering letter for his brief dated December 17. The defendant's brief was dated November 24. In plaintiff's brief, he asked for an award of the full amount claimed therein, while the defendant asked to have the claim denied.

Do these writings constitute an expressed extension of the time within which the award had to be made or a ratification in writing of an extension already accomplished but lacking either the requirement that it be in writing or that the extension be expressly spelled out in so many words?

The series of letters written and exchanged by the attorneys sufficiently express the intention to extend the hearings beyond August 10, 1954, and to permit the arbitrator to make a late award. *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263. The statute does not require the ratification of the award itself. It can only be construed as requiring written ratification of the extension. The adverb "expressly" only qual-

ifies the word "extend" and not the word "ratification." The briefs which were filed were in writing and constituted ratification of the extension. *State ex rel. Rourke* v. *Barbieri*, 139 Conn. 203, 211; *St. John* v. *U. Piccolo & Co.*, 128 Conn. 608, 613; *Ansonia* v. *Cooper*, 64 Conn. 536, 544; *Matulis* v. *Gans*, 107 Conn. 562, 567; *Bond Rubber Corporation* v. *Oates Bros., Inc.*, 136 Conn. 248, 251.

Plaintiff also claims that the parties themselves rather than their attorneys must have executed the written extension or ratification. It is inconceivable to me that plaintiff's counsel would have written the letters and filed plaintiff's brief unless he was authorized to do so. The case was in court. Plaintiff's counsel had signed the writ and complaint and appeared generally. Practice Book § 47. He is presumed to have known of the provisions of § 8159. His client participated in and testified at the hearings after August 10. It would do violence to the principle of arbitration, which is encouraged as a means of settling disputes (*International Brotherhood of Teamsters* v. *Shapiro*, 138 Conn. 57), if, under the circumstances that existed in this case, counsel could be permitted to question his own acts in behalf of his client after but not before an unfavorable award was made. "An attorney is the representative of his client in court; he is held to be authorised to commence and conduct that cause to final judgment and execution, and to do whatever is usual and necessary to bring about that end, through all the forms and stages of legal proceedings." *Derwort* v. *Loomer*, 21 Conn. 245, 256. The extension or ratification in writing by the attorney is the act of the principal. *Jarvis* v. *Martin*, 77 Conn. 19, 21.

The defendant could attack the legality of the contract either before the submission to the arbitrator or after an adverse award had been made. General

Statutes § 8151; *International Brotherhood of Teamsters* v. *Shapiro,* supra, 64. The parties treated it as one of the issues in dispute, the arbitrator considered the claims and evidence on this point, and both parties devoted a considerable portion of the briefs submitted to the arbitrator to their respective claims and the applicable law. The arbitrator therefore could pass upon the submission of the legality of the contract, subject to review in this proceeding.

Whether or not the plaintiff practiced architecture in this state was a question of fact. The arbitrator has not specifically made such a finding in his award but no other reasonable construction can be drawn from his application of the law and his conclusion that it would be contrary to public policy to permit recovery for services rendered by him in this state over a period of two years for acts expressly prohibited by statute. General Statutes §§ 4615-4620; *Sherwood* v. *Wise,* 132 Wash. 295; 42 A.L.R. 1219.

The plaintiff did not introduce any evidence at the hearing on the motion to vacate the award. He has failed to prove that the arbitrator exceeded his powers under the submission to him, or that there was evident partiality, or that he prejudiced the rights of the plaintiff.

The motion to vacate the award is denied.