BONNIE CARPENTER *v.* LAW OFFICES OF DRESSLER AND ASSOCIATES, LLC, ET AL.
(AC 24098)

DiPentima, McLachlan and Peters, Js.

Argued May 27—officially released October 26, 2004

*Nancy L. Walker*, with whom were *Kevin C. Shea* and, on the brief, *William H. Clendenen, Jr.*, for the appellant (plaintiff).

*Craig A. Fontaine*, with whom, on the brief, was *Michael J. Dugan*, for the appellees (defendant John I. Haymond et al.).

*Opinion*

DiPENTIMA, J. The plaintiff, Bonnie Carpenter, appeals from the judgment of the trial court rendered after it granted the apportionment defendants' motion to dismiss. The apportionment defendants, John I. Haymond, Robert E. Healey, and the law firms of Haymond and Lundy, and Haymond, Napoli, Diamond, P.C., succeeded the defendant Law Offices of Dressler and Associates, LLC (Dressler), and the defendant Mark Neistat

as attorneys who represented the plaintiff in a personal injury action. On appeal, the plaintiff claims that (1) the court improperly determined that because it lacked subject matter jurisdiction over the apportionment complaint, the service of process on the apportionment defendants was void ab initio and, therefore, the court did not have jurisdiction over the apportionment defendants and (2) the apportionment defendants waived any challenge to the court's personal jurisdiction. We reverse the trial court's judgment.

This appeal arises from a legal malpractice action brought on January 19, 2001, by the plaintiff against Dressler and Neistat, the attorneys who represented her in a personal injury action. In June, 2001, Neistat brought an apportionment complaint against the apportionment defendants. The plaintiff amended her complaint on September 6, 2001, and, for the first time, asserted direct claims of legal malpractice against the apportionment defendants. The apportionment defendants filed a motion to strike Neistat's apportionment complaint on September 14, 2001. The court granted the motion to strike, issuing a memorandum of decision on February 22, 2002. The court concluded that the plaintiff's legal malpractice claim did not fall into the categories of civil actions for which General Statutes § 52-102b (a) permits apportionment.[1] On January 9, 2002, while the apportionment complaint was pending, the plaintiff filed another amended complaint, identical to the amended complaint filed on September 6, 2001, except that it amplified and expanded some of the claims against the original defendants.[2] On January 15,

[1] Under General Statutes § 52-102b (a), a defendant may seek apportionment in any civil action to which General Statutes § 52-572h applies, namely, claims alleging damages resulting from personal injury, wrongful death or damage to property, none of which includes the legal malpractice at issue here.

[2] Pursuant to Practice Book § 10-60, the plaintiff filed a request for permission to amend and file the third amended complaint. Because no party filed an objection to the request, the amended complaint was deemed filed by consent. Practice Book § 10-60 (a) (3).

2003, the apportionment defendants filed a motion to dismiss the direct claims made against them by the plaintiff, which the court granted. The plaintiff appeals from that decision.

We set forth the standard of our review of the trial court's decision to grant the motion to dismiss. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Welwood*, 258 Conn. 425, 433, 780 A.2d 924 (2001).

I

The plaintiff first claims that the court improperly concluded that because it lacked subject matter jurisdiction over the apportionment complaint, the service of process on the apportionment defendants pursuant to § 52-102b (d) was void ab initio and, therefore, the court did not have jurisdiction over the apportionment defendants. In a case decided subsequent to the judgment of the trial court, our Supreme Court held that § 52-102b implicates personal jurisdiction rather than subject matter jurisdiction.[3] That decision governs this case. The plaintiff's claim must, therefore, be sustained.

---

[3] General Statutes § 52-102b (a) provides: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filling an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in

In *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 848 A.2d 418 (2004), our Supreme Court considered the dismissal of an apportionment complaint against two sets of apportionment defendants. The plaintiff had commenced a personal injury action against the defendants, seeking damages for injuries allegedly sustained as a result of the defendants' negligence in a motor vehicle accident. Id., 15. The defendants received an extension of time to serve an apportionment complaint alleging medical malpractice against the plaintiff's health care providers. Id. Although the court found that the time requirements of § 52-102b were mandatory, it also held that those requirements implicated only personal jurisdiction. Id., 31–35. Nonetheless, because the apportionment complaint was served outside the 120 day statutory limit and the motions to dismiss were timely filed, the court affirmed the complaint's dismissal.

Before making that determination, the court reviewed the distinction between subject matter jurisdiction and personal jurisdiction: "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. . . . A defect in process, however, such as an improperly executed writ, implicates personal jurisdiction . . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction.

the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes including all purposes under section 52-572h."

General Statutes § 52-102b (d) provides: "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."

. . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter." (Citations omitted; internal quotation marks omitted.) Id., 31. The court noted that mandatory language in a statute, although an indication of a legislative intent to make a time limit jurisdictional, cannot by itself overcome the strong presumption of subject matter jurisdiction, nor prove legislative intent to create a jurisdictional bar. Id., 32. Even though the court found the time limits set forth in § 52-102b to be mandatory; id., 26; the court concluded that the statute, by its express terms, was a service provision, implicating personal rather than subject matter jurisdiction. Id., 33.

The jurisdiction a trial court has over an apportionment claim differs from its jurisdiction over direct claims asserted by a plaintiff against an apportionment defendant. Here, the court lacked subject matter jurisdiction over the *apportionment* action because § 52-102b (a) limits apportionment to "civil action[s] to which [General Statutes §] 52-572h applies . . . ." Section 52-572h (b) applies to "causes of action based on negligence . . . to recover damages resulting from personal injury, wrongful death or damage to property . . . ." The court had no power to adjudicate the apportionment complaint based on a legal malpractice action. The court, however, did have subject matter jurisdiction over the plaintiff's direct claims of legal malpractice against the apportionment defendants, claims no different from those brought against the defendants Dressler and Neistat. Instead of commencing a new action against the apportionment defendants or availing herself of some other valid procedure, the plaintiff chose to use § 52-102b (d) to include the apportionment defendants as first party defendants in her legal malpractice action. At the time she amended her original complaint to include the direct claims against the apportionment defendants, the court had yet to rule on the motion to

strike the apportionment complaint. With the apportionment complaint still in place, there was no reason that the plaintiff could not "plead over" pursuant to § 52-102b (d) and assert direct claims against the apportionment defendants.

Our Supreme Court's interpretation of § 52-102b in *Lostritto* requires this court to reverse the trial court's decision. As a court of general jurisdiction, the trial court had the power to adjudicate the legal malpractice claims the plaintiff brought directly against the apportionment defendants. Because the Supreme Court in *Lostritto* v. *Community Action Agency of New Haven, Inc.*, supra, 269 Conn. 26, found § 52-102b to be a service provision, the trial court improperly based its dismissal of the plaintiff's claims against the apportionment defendants on lack of subject matter jurisdiction over the apportionment complaint.

II

We next address the plaintiff's claim that the apportionment defendants waived any challenge to the court's personal jurisdiction. Specifically, she argues that the apportionment defendants waived such a challenge when they failed to file their motion to dismiss within the thirty day time period required by Practice Book § 10-30.[4] Because § 52-102b implicates personal jurisdiction, we agree.

Unlike defects in subject matter jurisdiction, which may not be waived, a party waives any objection to a court's personal jurisdiction unless that party files a motion to dismiss within thirty days of the filing of an appearance. *Lostritto* v. *Community Action Agency of New Haven, Inc.*, supra, 269 Conn. 32; see also Practice

---

[4] Practice Book § 10-30 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

Book §§ 10-30 and 10-32.[5] Because § 52-102b implicates personal jurisdiction, a party must object to defective service of process for a claim brought pursuant to the statute within thirty days of the filing of an appearance. Failure to do so waives any such objection. Although the parties in *Lostritto* framed their motions to dismiss differently, one side claiming lack of subject matter jurisdiction and the other claiming lack of personal jurisdiction, the court refused to elevate form over substance, disregarded the parties' distinction and found the motions to be timely, as they were brought within thirty days of service of the apportionment complaint. *Lostritto* v. *Community Action Agency of New Haven, Inc.*, supra, 34.

In this case, the apportionment defendants waived any challenge to the court's personal jurisdiction. The plaintiff filed an amended complaint in which she asserted direct claims of legal malpractice against the apportionment defendants on September 6, 2001. The apportionment defendants filed their motion to dismiss those claims on January 15, 2003, well outside the thirty day time period during which the motion should have been filed. The untimely filing of their motion to dismiss waived any challenge the apportionment defendants may have had to the personal jurisdiction of the court.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[5] Practice Book § 10-32 provides in relevant part: "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss . . . ."