## REMAX RIGHT CHOICE ET AL. *v.* RAFFIE ARYEH
### (AC 26571)

Schaller, Bishop and Hennessy, Js.

Argued September 21, 2006—officially released April 10, 2007

---

[5] I, therefore, would not reach the issue of the limited testimony of the defendant's expert witness.

*Kari L. Olson,* with whom, on the brief, was *Everett E. Newton,* for the appellant (defendant).

*Kevin S. Coyne,* for the appellees (plaintiffs).

*Opinion*

SCHALLER, J. The defendant, Raffie Aryeh, appeals from the judgment of the trial court confirming an arbitration award in favor of the plaintiffs, Remax Right Choice and Jeffery Wright. On appeal, the defendant claims that the court improperly (1) concluded that the award was not void as a matter of law and (2) found that the parties waived the thirty day time period set forth in General Statutes § 52-416 (a). We agree with the defendant that the court improperly found that he had waived the thirty day requirement. Accordingly, we reverse the judgment of the trial court.

The following factual and procedural history is relevant for our discussion. In February, 2003, the parties requested that their dispute involving a real estate transaction, which was pending before the Superior Court, be submitted to private, binding arbitration. The parties selected attorney Richard J. Kenny as the arbitrator who would determine whether the plaintiffs were entitled to a commission for the sale of certain real estate lots, as well as statutory interest. Kenny held a hearing on August 6, 2004, and the defendant submitted the final posthearing brief on September 24, 2004. Kenny issued his decision in favor of the plaintiffs on January 4, 2005.[1] In a letter accompanying his award, Kenny wrote: "I am sorry that this decision took as long to do but I did spend considerable time reviewing the briefs and case

---

[1] In his decision, Kenny concluded that the plaintiffs were entitled to a commission of $101,450 and statutory interest totaling $28,253.70.

law in this area. I also felt that it was necessary to do some research on the statutes and regulations."

On March 18, 2005, the plaintiffs filed an application to confirm the arbitration award totaling $129,703.70. On April 22, 2005, the defendant filed a memorandum of law in opposition to the plaintiffs' application to confirm the award. Specifically, the defendant argued that because the award was untimely, the arbitrator was deprived of subject matter jurisdiction, and, therefore, the award was void as a matter of law. The court heard argument on April 25, 2005, and issued its memorandum of decision confirming the award three days later. Specifically, the court stated: "After hearing and consideration of the evidence, [the] court finds that the defendant did not make a timely motion to vacate per General Statutes § 52-420 (b) and that the parties waived [any objection to] the late filing of the award by failing to raise an objection after the deadline [of October 24, 2004] and prior to the entry of the award dated [January 4, 2005]." This appeal followed.[2]

I

The defendant first claims that the court improperly concluded that the award was not void as a matter of law. Specifically, he contends that the arbitrator's failure to issue his award within the statutory time frame automatically deprived the arbitrator of subject matter jurisdiction. Because we conclude that § 52-416 (a) does not implicate subject matter jurisdiction, we are not persuaded.

---

[2] In an order dated January 2, 2007, we requested the parties to file simultaneous supplemental briefs on the following issue: "In the event this court concludes that the thirty-day time limit of General Statutes § 52-416 (a) is not subject matter jurisdictional, but rather implicates the arbitrator's personal jurisdiction over the parties, should the trial court's judgment be affirmed on the ground that the defendant's failure to file a motion to vacate pursuant to General Statutes § 52-420 (b) requires confirmation of the award."

The defendant's claim requires us to interpret the language of § 52-416, specifically, the phrase "no legal effect." We begin by setting forth the text of the relevant statute. Section 52-416 (a) provides in relevant part: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator . . . shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator . . . for the receipt of the material. *An award made after that time shall have no legal effect* unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." (Emphasis added.)

We now set forth the relevant legal principles and our standard of review. "When interpreting a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. General Statutes § 1-2z." (Citation omitted; internal quotation marks omitted.) *D'Angelo Development & Construction Co.* v. *Cordovano*, 278 Conn. 237, 243, 897 A.2d 81 (2006); *Chatterjee* v. *Commissioner of Revenue Services*, 277 Conn. 681, 689, 894 A.2d 919 (2006). Questions of statutory interpretation present questions of law; therefore, our review is plenary. *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 556, 888 A.2d 65 (2006); *Dorchinsky* v. *Windsor Ins. Co.*, 90 Conn. App. 557, 562, 877 A.2d 821 (2005).

The parties do not dispute that the arbitrator received the final brief on September 24, 2004, and that there was no written agreement or stipulation to modify the terms of § 52-416 (a). For the award to comply with the terms of § 52-416 (a), it needed to be filed by October 24, 2004. The arbitrator, however, did not issue his award until January 4, 2005. The defendant argues that because the award was not filed within thirty days of September 24, 2004, the arbitrator immediately lost subject matter jurisdiction. In other words, on October 25, 2004, the arbitrator no longer had any competency or authority to act on the parties' dispute and to issue an award. We do not agree.

In support of his argument, the defendant relies primarily on *Carr* v. *Trotta*, 7 Conn. App. 272, 508 A.2d 799, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986). Specifically, the defendant refers to the following language from that case: "The defendant's challenge of the arbitrator's award questions the legality of the award. It is in effect an attack upon the jurisdiction of the arbitrator to render an award beyond the thirty-day limit. The question of subject matter jurisdiction may be raised at any time. [Section] 52-416 clearly states that [a]n award made after that time [thirty days after hearings are concluded or thirty days from receipt of additional material] shall have *no legal effect* unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing. . . . This provision can only be interpreted to mean that the arbitrator under those conditions lacks the power to enter an award because he no longer has subject matter jurisdiction." (Emphasis in original; internal quotation marks omitted.) Id., 274–75. Although at first blush this language appears to be controlling, a closer examination reveals that it was dicta.[3] The issue

[3] Black's Law Dictionary (6th Ed. 1990) defines "dicta" as "[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court. Expressions in [the] court's opinion which go beyond

before the *Carr* court was whether the arbitrator had the authority to determine that the hearing would not be completed until he received the transcript. Id., 277. We held that the arbitrator had such authority. Id. The statements in *Carr* regarding subject matter jurisdiction were not germane to its holding and, therefore, were dicta. It is well established that statements in prior cases that constitute dicta do not act as binding precedent. See, e.g., *Smith* v. *Greenwich*, 278 Conn. 428, 460, 899 A.2d 563 (2006); *Jacoby* v. *Brinckerhoff*, 250 Conn. 86, 103 n.10, 735 A.2d 347 (1999) (*Berdon, J.*, dissenting); *Tracy* v. *Allstate Ins. Co.*, 76 Conn. App. 329, 337, 819 A.2d 859 (2003), aff'd, 268 Conn. 281, 842 A.2d 1123 (2004); *State* v. *Iverson*, 48 Conn. App. 168, 174, 708 A.2d 615, cert. denied, 244 Conn. 930, 711 A.2d 728 (1998); *Lerman* v. *Levine*, 14 Conn. App. 402, 410, 541 A.2d 523, cert. denied, 208 Conn. 813, 546 A.2d 281 (1988).

Our conclusion that § 52-416 (a) does not implicate subject matter jurisdiction finds further support. First, we note that the *Carr* court compared noncompliance with § 52-416 (a) to the failure to comply with the rule requiring a court to render a decision within 120 days as set forth in General Statutes § 51-183b, which has long been held to implicate personal, rather than subject matter jurisdiction.[4] "We find these circumstances to

the facts before [the] court and therefore are individual views of [the] author of [the] opinion and not binding in subsequent cases as legal precedent."

[4] "In past cases interpreting [General Statutes] § 51-183b and its predecessors, we have held that the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. *Whitaker* v. *Cannon Mills Co.*, 132 Conn. 434, 438, 45 A.2d 120 (1945); *Foley* v. *George A. Douglas & Bro., Inc.*, 121 Conn. 377, 380, 185 A. 70 (1936). We have characterized a late judgment as voidable rather than as void; *Borden* v. *Westport*, 112 Conn. 152, 154, 151 A. 512 (1930); *Lawrence* v. *Cannavan*, 76 Conn. 303, 306, 56 A. 556 (1903); and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties. See, e.g., *Hurlbutt* v. *Hatheway*, 139 Conn. 258, 263, 93 A.2d 161 (1952); *Whitaker* v. *Cannon Mills Co.*, supra [438]. Thus, if both parties simultaneously expressly consent to a late judgment, either before the judg-

be analogous to the situation where the trial judge renders a judgment in excess of 120 days after the close of a trial absent consent or waiver of the parties." *Carr* v. *Trotta*, supra, 7 Conn. App. 275. We note that in other scenarios in which a party may waive a statutory time frame, our appellate courts have concluded that personal jurisdiction, which may be waived, rather than subject matter jurisdiction, is implicated. For example, in *Carpenter* v. *Law Offices of Dressler & Associates, LLC*, 85 Conn. App. 655, 658–61, 858 A.2d 820, cert. denied, 272 Conn. 909, 863 A.2d 700 (2004), we concluded that the failure to comply with the time frame of General Statutes § 52-102b implicated personal jurisdiction and not subject matter jurisdiction. See also *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 31–35, 848 A.2d 418 (2004). In short, in the context of other statutes, when a party is permitted to waive the temporal requirements, it has been determined that personal rather than subject matter jurisdiction is implicated.

Second, decisions from both this court and our Supreme Court subsequent to *Carr* have held that the requirements of § 52-416 (a) may be waived. It is well established that parties cannot waive or consent to confer subject matter jurisdiction of a court. See, e.g., *ABC, LLC* v. *State Ethics Commission*, 264 Conn. 812, 823, 826 A.2d 1077 (2003). In contrast, parties are permitted to modify or alter the thirty day time period of

ment is issued, or immediately thereafter, the judgment is valid and binding upon both parties, despite its lateness. Express consent, however, is not required. If a late judgment has been rendered and the parties fail to object seasonably, consent may be implied. *Gordon* v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973); *Borden* v. *Westport*, supra [154]; *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 551, 560, 86 A. 26 (1913). Because consent may be implied from a failure to object seasonably after a delayed judgment has been rendered, these cases do not support the trial court's ruling that § 51-183b invariably requires the prior consent of both parties in order to waive the time limits the statute imposes." *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990).

§ 52-416 (a).[5] The text of the statute provides that "[i]f the time within which an award is rendered has *not been fixed* in the arbitration agreement, the . . . award [shall be rendered] within thirty days . . . ." (Emphasis added.) General Statutes § 52-416 (a). The parties, therefore, are free to agree to enlarge the time frame set forth in the statute. See, e.g., *Administrative & Residual Employees Union* v. *State*, 200 Conn. 345, 510 A.2d 989 (1986) (collective bargaining agreement allowed for oral extensions of time for arbitrator to issue decision); see also *Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.*, 211 Conn. 541, 560 A.2d 419 (1989); *Marsala* v. *Valve Corp. of America*, 157 Conn. 362, 369, 254 A.2d 469 (1969). In *Capozzi* v. *Liberty Mutual Fire Ins. Co.*, 32 Conn. App. 250, 629 A.2d 424 (1993), aff'd, 229 Conn. 448, 642 A.2d 1 (1994), this court held that a party waived its right to object to an untimely award pursuant to § 52-416 (a) where both parties had knowledge of the lateness of the award. Id., 255–57. We further explained: "Our Supreme Court has made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial. . . . This same principle has been applied in the arbitration context, where the court has

---

[5] Our Supreme Court has explained that "[a] conclusion that a time limit is subject matter jurisdictional has very serious and final consequences. It means that, except in very rare circumstances . . . a subject matter jurisdictional defect may not be waived . . . [and] may be raised at any time, even on appeal . . . and that subject matter jurisdiction, if lacking, may not be conferred by the parties, explicitly or implicitly. . . . *Therefore, we have stated many times that there is a presumption in favor of subject matter jurisdiction, and we require a strong showing of legislative intent that such a time limit is jurisdictional.*" (Emphasis added; internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Savin Rock Condominium Assn., Inc.*, 273 Conn. 373, 379, 870 A.2d 457 (2005). We do not interpret General Statutes § 52-416 (a) as showing a strong legislative intent to limit an arbitrator's subject matter jurisdiction.

held that a plaintiff's failure to raise the issue of timeliness prior to the issuance of an arbitration award operates as a waiver of the right to assert the award's lack of timeliness. . . . In [*Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.*, supra, 554], the court rejected the plaintiff's belated objection to the timeliness of an award, stating adamantly that it would not reward such conduct where the plaintiff attempted to manipulate the arbitration process by reserving objection until after the announcement of the arbitral award." (Citations omitted; internal quotation marks omitted.) *Capozzi* v. *Liberty Mutual Fire Ins. Co.*, supra, 256; see also *Nathan* v. *United Jewish Center of Danbury, Inc.*, 20 Conn. Sup. 183, 185–87, 129 A.2d 514 (1955) (series of letters exchanged by parties' attorneys sufficient to express intention to extend hearings and permit late award). Additionally, § 52-416 (a) provides that the parties may "expressly extend the time in which the award may be made by an extension or ratification in writing."

Finally, our view is buttressed by the general principle in our jurisprudence that arbitration is a favored method of settling disputes and operates as an efficient and economical system of alternative dispute resolution. *State* v. *AFSCME, Council 4, Local 387, AFL-CIO*, 252 Conn. 467, 473, 747 A.2d 480 (2000); *Garrity* v. *McCaskey*, 223 Conn. 1, 4–5, 612 A.2d 742 (1992); *International Brotherhood of Police Officers, Local 361* v. *New Milford*, 81 Conn. App. 726, 729, 841 A.2d 706 (2004) (arbitration favored method to prevent litigation, promote tranquility and expedite equitable settlement of disputes); *Wachter* v. *UDV North America, Inc.*, 75 Conn. App. 538, 543, 816 A.2d 668 (2003) (same). The interpretation of § 52-416 advanced by the defendant would be inconsistent with the policy favoring arbitration.

We conclude that the failure to comply with the temporal requirement of § 52-416 (a) does not implicate subject matter jurisdiction but rather the continuing personal jurisdiction of the arbitrator over the parties. A late award, therefore, is not void as a matter of law. In the present case, there was no evidence that the parties agreed to alter or to modify the thirty day time frame. Accordingly, it falls solely within the terms of § 52-416 (a). The critical issue, therefore, is whether the parties, or more specifically, the defendant, expressly extended "the time in which the award may be made by an extension or ratification in writing." General Statutes § 52-416 (a).

II

The defendant next claims that the court improperly found that the parties waived the thirty day time period set forth in § 52-416 (a). Specifically, he argues that there was no evidence in the record to support the court's finding of waiver. We agree with the defendant.

Despite our conclusion in part I that the failure to comply with the thirty day limit set forth in § 52-416 (a) is not the sine qua non of a valid award, we acknowledge that the phrase "have no legal effect" has meaning. It is a basic tenet of statutory construction that the legislature does not intend to enact meaningless provisions. *State* v. *Culver*, 97 Conn. App. 332, 341, 904 A.2d 283, cert. denied, 280 Conn. 935, 909 A.2d 961 (2006). "Every word and phrase [in a statute] is presumed to have meaning, and we do not construe statutes so as to render certain words and phrases surplusage." (Internal quotation marks omitted.) *Johnson Electric Co.* v. *Salce Contracting Associates, Inc.*, 72 Conn. App. 342, 351, 805 A.2d 735, cert. denied, 262 Conn. 922, 812 A.2d 864 (2002); see also *Board of Education* v. *State Board of Education*, 278 Conn. 326, 335, 898 A.2d 170 (2006);

*Vibert* v. *Board of Education,* 260 Conn. 167, 176, 793 A.2d 1076 (2002).

We are guided by our Supreme Court's decision in *Marsala* v. *Valve Corp. of America,* supra, 157 Conn. 362. In that case, an arbitrator issued the award outside of the time frame set forth in § 52-416 (a). Id., 368. The court stated that "[i]t follows that the award, under the express wording of the statute, had 'no legal effect.' " Id. Furthermore, this requirement was described as mandatory rather than discretionary. Id., 369. As a result, the court concluded that the trial court properly vacated the award. "Certainly, we find nothing to commend in this plaintiff's conduct in seeking to have the award vacated under § 52-416. . . . The conclusion of the trial court that the award must be vacated was not only not *erroneous but was the only conclusion which it could reach under the provisions of our applicable general arbitration statutes.*" (Emphasis added.) Id., 369–70.

Similarly, in *Hayes* v. *Travelers Indemnity Co.,* 26 Conn. App. 418, 420, 601 A.2d 555 (1992), neither party received a copy of the award until five months after the hearing had been concluded. *"There is no indication that the parties waived the thirty day notification period.*" (Emphasis added.) Id., 423. We concluded that the trial court improperly had denied the plaintiff's request for a second arbitration. Id.

In the present case, the court found that the plaintiffs waived any objection to the late filing by failing to object after the deadline of October 24, 2004, and the entry of the award on January 4, 2005. Waiver is a question of fact and subject to the clearly erroneous standard of review. *Capozzi* v. *Liberty Mutual Fire Ins. Co.,* supra, 32 Conn. App. 257; see also *Ridgefield* v. *Eppoliti Realty Co.,* 71 Conn. App. 321, 340, 801 A.2d 902, cert. denied, 261 Conn. 933, 806 A.2d 1070 (2002). "Under such a

standard, [a] *finding . . . is clearly erroneous when there is no evidence in the record to support it . . .* or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Emphasis added; internal quotation marks omitted.) *Valdes* v. *Yankee Casting Co.*, 94 Conn. App. 140, 145, 891 A.2d 994 (2006); see also *Edmands* v. *CUNO, Inc.*, 277 Conn. 425, 438–39, 892 A.2d 938 (2006).

We have explained that "[w]aiver involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct [consistent] with intention to [relinquish] . . . are sufficient. . . . Thus, [w]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Brown*, 67 Conn. App. 183, 188, 786 A.2d 1140 (2001), cert. denied, 259 Conn. 919, 791 A.2d 568 (2002).

In the present case, § 52-416 (a) requires that the parties, in writing, expressly extend the thirty day time frame. A thorough review of the record reveals no evidence of any such waiver from October 24, 2004, and prior to the issuance of the award on January 4, 2005.[6]

---

[6] We note that prior case law has suggested that the terms of General Statutes § 52-416 (a) may be implicitly waived by the parties. See, e.g., *Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.*, supra, 211 Conn. 552–54; *Capozzi* v. *Liberty Mutual Fire Ins. Co.*, supra, 32 Conn. App. 255–57. The terms of § 52-416 (a), however, require the parties to *expressly* "extend the time in which the award may be made . . . *in writing.*" (Emphasis added.) Under the facts and circumstances of the present case, we need not resolve this apparent inconsistency. Even if we were to consider whether the parties implicitly had waived the thirty day time frame, we would conclude that there was no evidence in the record to support such a finding. There was no indication that the defendant was notified or aware that the award would be late, or alerted to the date when it might be issued. Compare *Diamond Fertiliser & Chemical Corp.* v. *Commodities Trading International Corp.*, supra, 552–54; *Capozzi* v.

Under these facts and circumstances, we conclude that resolution of this appeal is controlled by *Marsala* v. *Valve Corp. of America*, supra, 157 Conn. 362, and *Hayes* v. *Travelers Indemnity Co.*, supra, 26 Conn. App. 418. Absent evidence of an express extension of the thirty day requirement in § 52-416 (a), there is nothing to support the court's finding of waiver.

The court relied on a statement in *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, 80 Conn. App. 1, 8, 832 A.2d 106 (2003), rev'd, 272 Conn. 617, 866 A.2d 582 (2005), in which this court stated: "Failure to raise the issue of timeliness prior to the issuance of an arbitration award operates as a waiver of the right to object to the award as untimely." In our view, such reliance, although understandable, was misplaced. First, we note that our Supreme Court ultimately reversed our decision. See *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, supra, 272 Conn. 617. Second, in making the statement that silence operates as a waiver in the context of § 52-416 (a), we had relied on *AFSCME* v. *New Britain*, 206 Conn. 465, 468, 538 A.2d 1022 (1988), in which our Supreme Court stated: "We do not have to reach those issues in the present case, however, because the plaintiffs' failure to raise the issue of timeliness prior to the issuance of the arbitration award operates as a waiver of their right to assert the lack of timeliness in the board's decision." That case, however, concerned General Statutes § 31-98, which pertains to the state board of mediation and arbitration. *AFSCME* v. *New Britain*, supra, 466.[7] That statute, contrary to § 52-416 (a), has been held to be directory rather than mandatory. Id., 468; see also *Danbury Rubber Co.* v.

---

*Liberty Mutual Fire Ins. Co.*, supra, 255–57; *Nathan* v. *United Jewish Center of Danbury, Inc.*, supra, 20 Conn. Sup. 183. Accordingly, *any finding of waiver* in the present case is clearly erroneous.

[7] We also note that a collective bargaining agreement existed in that case, contrary to the facts presently before us.

*Local 402*, 145 Conn. 53, 55–56, 138 A.2d 783 (1958); *State* v. *AFSCME, Council 4, Local 1565*, 49 Conn. App. 33, 38, 713 A.2d 869 (1998), aff'd, 249 Conn. 474, 732 A.2d 762 (1999); *South Windsor* v. *South Windsor Police Union*, 41 Conn. App. 649, 653, 677 A.2d 464, cert. denied, 239 Conn. 926, 683 A.2d 22 (1996).[8] Most importantly, § 31-98, unlike § 52-416 (a), does not state that the failure to comply with the terms will "have no legal effect." We conclude, therefore, that the failure to object to an untimely arbitration award pursuant to § 52-416 (a), standing alone, is insufficient to indicate waiver and that the court's finding to the contrary was clearly erroneous.

The plaintiffs contend that the defendant's failure to file a motion to vacate the award within thirty days from notice of the award pursuant to § 52-420 (b)[9] is fatal to his appeal. Specifically, the plaintiffs refer us to General Statutes § 52-417, which provides in relevant part that "[t]he court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."[10] Our Supreme Court has stated that "§ 52-417 limits a court's authority to vacate an arbitration award unless an application to vacate that award has been made in accordance with § 52-418." *Wu* v. *Chang*, 264 Conn. 307, 311, 823 A.2d 1197 (2003). General Statutes § 52-418 provides that the court "shall make an order

---

[8] Even though compliance may be mandatory, such requirements may implicate personal, rather than subject matter jurisdiction. *Lostritto* v. *Community Action Agency of New Haven, Inc.*, supra, 269 Conn. 31–32 (court previously has disavowed notion that mandatory language is per se subject matter jurisdictional); see also *Carpenter* v. *Law Offices of Dressler & Associates*, supra, 85 Conn. App. 659.

[9] General Statutes § 52-420 (b) provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

[10] General Statutes § 52-419 concerns the correction or modification of an award and therefore does not apply to the present case.

vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

We are mindful that "General Statutes §§ 52-408 through 52-424, controls arbitration in this state whe[n] the common law is inconsistent with our statutory scheme. . . . The statutory arbitration scheme encompasses many aspects of the arbitration process . . . . Thus, it is evident that the legislature's purpose in enacting the statutory scheme was to displace many [common-law] rules." (Citation omitted; internal quotation marks omitted.) *Wu* v. *Chang*, supra, 264 Conn. 312–13. Further, we are bound by our Supreme Court's statement that "once the thirty day limitation period of § 52-420 (b) has passed, the award may not thereafter be attacked on any of the grounds specified in . . . § 52-418 . . . including fraud. To conclude otherwise would be contrary not only to the clear intent of the legislature as expressed in §§ 52-417, 52-418 and 52-420 (b), but also to a primary goal of arbitration, namely, the efficient, economical and expeditious resolution of private disputes." (Citation omitted; internal quotation marks omitted.) Id., 313.

We agree that a party must file a motion to vacate a valid arbitration award within thirty days of notice of the award pursuant to § 52-420 (b) and on the basis of the grounds set forth in § 52-418. See id. In the present

case, however, no valid arbitration award was presented to the trial court. As we previously concluded, *the award had no legal effect* as a result of the failure of the arbitrator to render an award within the time limit of § 52-416 and the absence of any waiver by the parties. The language of the § 52-416 that such an award has "no legal effect" must be given consequence, for as we already have stated, "[e]very word and phrase is presumed to have meaning, and we do not construe statutes so as to render certain words and phrases surplusage." (Internal quotation marks omitted.) *Johnson Electric Co.* v. *Salce Contracting Associates, Inc.*, supra, 72 Conn. App. 351. Moreover, as § 52-416 is found in the same statutory arbitration scheme as §§ 52-418 and 52-420 (b), we therefore consider the relationship between those statutes. See *Thames Talent, Ltd.* v. *Commission on Human Rights & Opportunities*, 265 Conn. 127, 136, 827 A.2d 659 (2003). We conclude, therefore, under the unique facts and circumstances of this case, that the defendant was not required to file a motion to vacate within the time frame set forth in § 52-420 (b) because the arbitration award had no legal effect due to the arbitrator's untimely award.

In response to the plaintiffs' application to confirm the arbitration award, the defendant seasonably objected. The parties did not modify or alter the thirty day time frame set forth in § 52-416 (a). The defendant did not expressly waive the requirements of that time frame. Accordingly, guided by our Supreme Court's opinion in *Marsala* and our decision in *Hayes*, we conclude that the arbitrator's award had no legal effect and that the court's decision to confirm the award was improper.

The judgment is reversed and the case is remanded with direction to vacate the arbitration award and to render judgment in favor of the defendant.

In this opinion the other judges concurred.