JEAN PETRUCELLI *v.* TRAVELERS PROPERTY
CASUALTY INSURANCE COMPANY
(AC 34822)

DiPentima, C. J., and Gruendel and Pellegrino, Js.

Argued September 9—officially released November 12, 2013

*Thomas J. Weihing,* with whom, on the brief, were *Dana P. Lonergan* and *John T. Bochanis,* for the appellant (plaintiff).

*James E. Wildes,* for the appellee (defendant).

GRUENDEL, J. The plaintiff, Jean Petrucelli, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Travelers Property Casualty Insurance Company. On appeal, the plaintiff claims that the court erred in (1) finding that the arbitration panel issued a timely award under General Statutes § 52-416 and (2) concluding that it lacked subject matter jurisdiction over the plaintiff's application to vacate the arbitration award, and thus it improperly denied the application and granted the defendant's motion to dismiss the application. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of the plaintiff's claims. The plaintiff initiated an underinsured motorist claim against the defendant in December, 2003, seeking compensation for injuries allegedly sustained in a December, 1997 motor vehicle collision. Thereafter, in August, 2007, the parties agreed to arbitrate the matter. The parties then entered into an arbitration agreement, dated August 25, 2011, which provided that the matter would be decided by a three person arbitration panel, in which both the plaintiff and the defendant would select one arbitrator and the designated arbitrators would select a third, neutral arbitrator. The plaintiff selected Attorney Lawrence Merly, the defendant selected Attorney George Holmes, and those two arbitrators designated Attorney Jeffrey Somers as the third arbitrator.

The arbitration hearing was held on August 25, 2011. The plaintiff submitted a posthearing brief to the arbitration panel on September 2, 2011, and the defendant submitted its posthearing brief on September 8, 2011. On November 8, 2011, the arbitrators held a telephone conference to discuss the evidence and the briefs submitted by the parties. An arbitration award in favor

of the defendant issued on November 29, 2011. The defendant received notice of the award on December 5, 2011, and the plaintiff received notice on December 6, 2011. Merly issued a dissenting opinion on December 8, 2011, to which the plaintiff claimed receipt of notice on December 12, 2011.

On January 9, 2012, the plaintiff filed an application to vacate the arbitration award. On March 13, 2012, the defendant filed a motion to dismiss the application and a memorandum of law in support thereof. The plaintiff filed an objection and the matter was heard at short calendar on June 12, 2012. An evidentiary hearing was held on June 13, 2012.

The court first found that the arbitration award was issued timely, as required by § 52-416. It also found that the plaintiff failed to comply with the requirements of General Statutes § 52-420 (b) in her attempt to vacate the arbitration award. The court, therefore, found that it lacked subject matter jurisdiction over her claim and, as a result, granted the defendant's motion to dismiss and denied the plaintiff's application to vacate the arbitration award. This appeal followed.

I

The plaintiff claims that the court improperly found that the arbitration panel issued a timely arbitration award.[1] We disagree.

---

[1] In an ordinary case, we would discuss the court's subject matter jurisdiction first. Due to the unique circumstances of this case, however, we will discuss subject matter jurisdiction after determining whether the arbitration panel issued a timely award. If the award was not timely, the award has no legal effect. See *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 388, 918 A.2d 976 (2007). If the award was timely, pursuant to § 52-420 (b), the parties have thirty days to file a motion to vacate an arbitration award once it has been issued and the parties have been notified. "If the motion [to vacate] is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." (Internal quotation marks omitted.) *Asselin & Connolly, Attorneys, LLC* v. *Heath*, 108 Conn. App. 360, 370, 947 A.2d 1051 (2008).

The following additional facts are relevant to this claim. Paragraph 2 of the arbitration agreement, entered into by the plaintiff and the defendant, provides in relevant part that "[a]ny rescheduling or continuation of the arbitration shall be subject to the mutual convenience of the parties and witnesses involved in the controversy. The arbitrators shall render a written decision, signed by such arbitrators, no more than thirty (30) days after the date on which the hearing or hearings are closed."

The court found that the hearing closed on November 8, 2011. As evidence, the court referenced paragraph 2 of the arbitration agreement. In addition, the court cited Somers' written notes from the arbitration hearing as evidence of an express written agreement to keep the hearing open until the arbitrators met to discuss the case. These notes stated that "the hearing will remain open until the arbitrators meet following the submission of [the] briefs." The court lastly cited an October 7, 2011 e-mail from the defendant's attorney to the arbitrators and the plaintiff stating, "[p]er our telephone conversation on this date, I agree that the arbitration decision will be rendered within [thirty] days of the date that the arbitrators meet sometime next week." On the basis of this evidence, the court concluded that the arbitration hearing was held open until November 8, 2011, and thereafter, found that the November 29, 2011 arbitration award was timely.

The standard of review is well settled for statutory interpretation. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut*

*Independent Police Union, Local 14,* 285 Conn. 278, 286, 939 A.2d 561 (2008).

Moreover, "[t]his court will not reverse the factual findings of the trial court unless they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Bailey* v. *Lanou,* 138 Conn. App. 661, 667, 54 A.3d 198 (2012).

The main issue before this court is whether the arbitration panel issued a timely award. The plaintiff argues that the November 29, 2011 arbitration award was untimely because it was not rendered within thirty days of September 8, 2011, the day the final brief was submitted to the panel. The defendant, in contrast, argues that the parties agreed at the hearing that the arbitration would remain open until the arbitrators could meet to discuss the case. Thus, the defendant contends that the hearing closed on November 8, 2011, rendering the November 29, 2011 arbitration award timely.

Section 52-416 addresses the time within which an arbitration award must be rendered. Subsection (a) of § 52-416 provides: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal

effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." Subsection (b) of § 52-416 provides: "The award shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by the umpire. Written notice of the award shall be given to each party."

Section 52-416 requires the court to enforce the language set forth in the parties' arbitration agreement regarding the time within which an award must be rendered. If the parties have not created an arbitration agreement, the court is then required to follow the time line in the statute. Thus, "[t]he parties . . . are free to agree to enlarge the time frame set forth in the statute." *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 380, 918 A.2d 976 (2007). Furthermore, our Supreme Court has stated: "We construe [the language '[i]f the time within which an award is rendered has not been fixed in the arbitration agreement . . . .' as applying to] the entire section, including the requirement that extensions be in writing, conditional upon the parties having not agreed otherwise. This reading is consistent with our general policy of construing our arbitration statutes liberally to encourage the use of arbitration as an alternate form of dispute resolution." *Administrative & Residual Employees Union* v. *State*, 200 Conn. 345, 348–49, 510 A.2d 989 (1986). As such, the parties are free to create their own arbitration agreement and to modify the statutory requirement that extensions be in writing.

In the present case, the parties entered into an arbitration agreement that specifically stated that "[a]ny rescheduling or continuation of the arbitration shall be subject to the mutual convenience of the parties and witnesses involved in the controversy. The arbitrators shall render a written decision, signed by such arbitrators, no more than thirty (30) days after the date on

which the hearing or hearings are closed." Although the language in the arbitration agreement is similar to § 52-416, it is not identical. Therefore, according to the statute, we must follow the language the parties set forth in the arbitration agreement as a guide in resolving this matter.

In reviewing the court's factual findings, we apply the clearly erroneous standard of review. See *Bailey* v. *Lanou*, supra, 138 Conn. App. 667. In the present case, there is evidence in the record to support the court's finding that the arbitration hearing was held open until November 8, 2011, when it was mutually convenient for the arbitrators to meet and discuss the case. First, Somers, the neutral arbitrator, wrote in his notes that "the hearing will remain open until the arbitrators meet following the submission of [the] briefs." Somers also testified at the June 12, 2012 hearing before the court that neither party objected to the procedural time line he set forth at the arbitration hearing. As the chairman of the panel, Somers had the authority to declare that the hearing would be deemed completed when the three arbitrators could meet to discuss the case. See *Carr* v. *Trotta*, 7 Conn. App. 272, 277, 508 A.2d 799, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986).[2]

---

[2] The plaintiff claims that there was no writing signed by the parties that would allow the arbitration award to be rendered after the thirty day period set forth in § 52-416. According to *Administrative & Residual Employees Union* v. *State*, supra, 200 Conn. 348–49, however, if the parties have created an arbitration agreement, the language in that agreement controls whether extensions must be in writing. See id. ("[w]e construe [the language '[i]f the time within which an award is rendered has not been fixed in the arbitration agreement . . . .' as applying to] the entire section, including the requirement that extensions be in writing, conditional upon the parties having not agreed otherwise"). We therefore cannot agree with the plaintiff that the court erred in finding that Somers' written notes manifested an express written agreement to keep the hearing open. The parties are free to enlarge the time frame in the statute by creating their own arbitration agreement, and it appears that Somers, along with the other two arbitrators, agreed to hold the hearing open until they could meet to discuss the case. See *Remax Right Choice* v. *Aryeh*, supra, 100 Conn. App. 380.

Second, the defendant's attorney acknowledged in his October 7, 2011 e-mail that the hearing would be held open, pending a conference by the arbitrators. He stated: "I agree that the arbitration decision will be rendered within [thirty] days of the date that the arbitrators meet sometime next week." The fact that the arbitrators were unable to meet the week following the e-mail does not render the award untimely. The parties were informed that the hearing would be held open until the arbitrators met, and the plaintiff made no objection at that time. See *C. F. Wooding Co.* v. *Middletown Elk's Home Corp.*, 177 Conn. 484, 486 n.3, 418 A.2d 904 (1979). For these reasons, the court's finding that the arbitration hearing was held open until November 8, 2011, was not clearly erroneous. As a result, the court did not err in finding that the arbitration panel properly complied with § 52-416 when it issued the November 29, 2011 arbitration award.

II

The plaintiff next claims that the court improperly concluded that it lacked subject matter jurisdiction over her application to vacate the arbitration award. She further contends that the court improperly denied her application to vacate the arbitration award and granted the defendant's motion to dismiss the application. We do not agree.

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts

to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010).

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction." (Footnote omitted; internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, supra, 285 Conn. 286.

Section 52-420 addresses the time within which a party must file a motion to vacate an arbitration award. Subsection (b) of § 52-420 provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." "If the motion [to vacate] is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." (Internal quotation marks omitted.) *Asselin & Connolly, Attorneys, LLC* v. *Heath*, 108 Conn. App. 360, 370, 947 A.2d 1051 (2008).

Section 52-420 (b) required the plaintiff to file her application to vacate the arbitration award within thirty days after the award had been made and the parties

were notified. The arbitration panel's award was issued on November 29, 2011, and was received by the plaintiff on December 6, 2011. Accordingly, the plaintiff was required to file her application within thirty days of the date that she received notice. She did not file her application until January 9, 2012, which was outside the thirty day time period. The plaintiff thus failed to comply with § 52-420 (b) when filing her application to vacate the arbitration award.

Because the plaintiff did not file her application to vacate within the thirty day time period required by § 52-420 (b), the court properly concluded that it lacked subject matter jurisdiction over her claim. See id. As a result, the court did not err in denying the plaintiff's application to vacate the arbitration award and in granting the defendant's motion to dismiss the application.

The judgment is affirmed.

In this opinion the other judges concurred.